Tommy V. GREENHOW,
Plaintiff–Appellant,

v.

SECRETARY OF HEALTH & HUMAN
SERVICES, Defendant–Appellee.

No. 87–2587.

United States Court of Appeals,
Ninth Circuit.

Submitted May 13, 1988 *.

Decided June 2, 1988.

As Amended on Denial of
Rehearing Dec. 5, 1988.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App. P. 34(a).

**634**

Phillip N. Bruce, Sacramento, Cal., for plaintiff-appellant.

Michael R. Power, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before WIGGINS, BRUNETTI and KOZINSKI, Circuit Judges.

KOZINSKI, Circuit Judge:

We consider two principal issues in this appeal: first, the extent to which, in matters submitted to a magistrate, a litigant's failure to present his contentions either to the magistrate or the district court will bar him from raising those contentions on appeal; and second, whether the conclusion of the Secretary of Health and Human Services that appellant was an employee within the meaning of Title II of the Social Security Act, 42 U.S.C. §§ 401–433, is supported by substantial evidence.

### Facts

Appellant Tommy V. Greenhow received retirement insurance benefits under section 202(a) of the Social Security Act, 42 U.S.C. § 402(a) (1976), for the calendar years 1979, 1980 and 1981. Greenhow was later notified that his benefits were subject to retro-

active work deductions because he had earned $12,000 in each of those years. He requested a hearing before an administrative law judge, claiming that the $12,000 figure did not reflect business expenses that he was entitled to deduct as a "commissioned employee" responsible for paying his own expenses.

The ALJ ruled against Greenhow, and the appeals council denied review. Greenhow then sought judicial review under section 205(g) of the Act, 42 U.S.C. § 405(g) (1982). The district court remanded to the Secretary for an evidentiary hearing on the question whether Greenhow was an employee or an independent contractor. After a supplemental hearing was held, the ALJ found that Greenhow was indeed an employee, and the appeals council affirmed. Greenhow again sought judicial review.

Pursuant to local rule, Greenhow's case was automatically referred to a magistrate for initial consideration of the cross-motions for summary judgment. E.D.Cal.R. 302(b)(13). The magistrate concluded that the Secretary's finding was supported by substantial evidence and, accordingly, recommended that summary judgment be granted. Greenhow timely filed an objection to the magistrate's proposed findings and recommendation; the sole basis for the objection was that the regulation that prevents employees from deducting business expenses was "unreasonable." The district court, without addressing Greenhow's objection, adopted the magistrate's recommendation and granted summary judgment for the Secretary. Greenhow appeals.

## Discussion

### I

A. Greenhow first claims that the Secretary's finding that he was an employee rather than an independent contractor is not supported by substantial evidence. This contention was presented to the magistrate, who recommended that it be rejected. Greenhow did not object to this recommendation in the district court. The Secretary therefore contends that Greenhow has waived his right to raise this issue on appeal.

It is clear that failure to object to proposed findings of fact entered by magistrates in matters referred to them under 28 U.S.C. § 636(b)(1) (1982) waives the opportunity to contest those findings on appeal. *See Britt v. Simi Valley Unified School Dist.*, 708 F.2d 452, 454 (9th Cir.1983). The question of whether an administrative agency's finding of fact is supported by substantial evidence is not, however, a factual issue; it is a question of law. *McCall v. Andrus*, 628 F.2d 1185, 1189–90 (9th Cir.1980) (quoting *Dredge Corp. v. Penny*, 338 F.2d 456, 462 (9th Cir.1964)), *cert. denied sub nom. McCall v. Watt*, 450 U.S. 996, 101 S.Ct. 1700, 68 L.Ed.2d 197 (1981).

In *McCall*, the magistrate found that an administrative agency's decision adverse to plaintiff was supported by substantial evidence, and recommended that the plaintiff's challenge to a rule applied by the agency be rejected. The district court adopted these recommendations. On appeal, we held that plaintiff's failure to object to either of these conclusions of law prevented him from challenging them. 628 F.2d at 1187, 1189. Under *McCall*, therefore, it would appear that Greenhow's failure to object to the magistrate's recommendation in the district court forecloses his raising the issue now.

Three years after *McCall*, however, another panel of this court reached a directly contrary conclusion, holding that "failure to file objections does not waive the right to appeal the district court's conclusions of law." *Britt*, 708 F.2d at 454 (citing *Lorin Corp. v. Goto & Co.*, 700 F.2d 1202, 1207 (8th Cir.1983) and *Nettles v. Wainwright*, 677 F.2d 404, 405 (5th Cir. Unit B 1982) (en banc)). While *Britt* cited *McCall* for the proposition that failure to object to factual finding constitutes a waiver, 708 F.2d at 454, it failed to acknowledge *McCall's* equally clear holding as to legal issues. Since then we have applied the rule in *Britt* on three occasions, each time without mentioning the contrary rule established in *McCall. See Shiny Rock Mining Corp. v. United States*, 825 F.2d 216, 218 n. 1 (9th Cir.1987); *U.S. Dominator, Inc. v. Factory*

*Ship Robert E. Resoff,* 768 F.2d 1099, 1102–03 (9th Cir.1985); *United States v. Bernhardt,* 840 F.2d 1441, 1445 (9th Cir. 1988). No prior panel of this court has noted the conflict between *McCall* and *Britt,* and there has been no attempt to harmonize the two opinions. Having studied these opinions carefully, we find ourselves unable to reconcile them.[1]

An intra-circuit conflict can only be resolved by the court en banc. *See* Fed.R.App. P. 35(a); *see also Tornay v. United States,* 840 F.2d 1424, 1427 n. 3 (9th Cir.1988) ("the appropriate forum for resolving intra-circuit conflicts is the limited en banc court"). Until the en banc court is able to address the issue, we must make the unsatisfactory choice between two opposing lines of authority, neither of which has an unimpaired claim to being the law of the circuit. Under one view, *McCall,* having come first, remains the law of the circuit, because only an en banc panel or the Supreme Court has the authority to overrule a panel decision. Moreover, to allow subsequent panels to unilaterally reverse controlling precedent undermines the principle of stare decisis. On the other hand, *Britt* has been followed in three subsequent Ninth Circuit opinions. Despite *Britt's* failure to follow *McCall,* it has successfully posed as the law of the circuit for long enough to be relied upon by parties, including the plaintiff, who appear before magistrates. To avoid surprise and the unjust forfeiture of rights believed to have been established by *Britt,* we follow *Britt* and hold that plaintiff's failure to object to the magistrate's recommended conclusions of law does not constitute a waiver of those claims on appeal.

B. We review de novo the district court's legal conclusion that the Secretary's decision was supported by substantial evidence. *Brawner v. Secretary of Health & Human Servs.,* 839 F.2d 432, 433 (9th Cir.1988) (per curiam). Substantial evidence is " 'such relevant evidence as a

1. Unfortunately, the Supreme Court's decision in *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985), decided after *U.S. Dominator* but before *Bernhardt,* does nothing to resolve this conflict. *Thomas* considered the validity of the Sixth Circuit's longstanding rule that failure to object to either the factual or legal aspects of a magistrate's recommendations waives the opportunity to challenge the district court's adoption of those recommendations. *See United States v. Walters,* 638 F.2d 947, 949–50 (6th Cir.1981). Noting that the rule was "supported by sound considerations of judicial economy," 474 U.S. at 147, 106 S.Ct. at 471, the Court concluded that it was also entirely consistent with the Federal Magistrates Act, *id.* at 148–53, 106 S.Ct. at 471–74, and with the Constitution, *id.* at 153–55, 106 S.Ct. at 474–75.

While holding that the Sixth Circuit rule was a valid exercise of federal appellate supervisory power, *id.* at 155, 106 S.Ct. at 475, *Thomas* did not compel its adoption by the rest of the courts of appeals. Nonetheless, *Thomas* substantially undercuts the reasoning in *Britt* that persuaded us not to impose a waiver rule in the context of legal issues decided by magistrates. In *Britt* we found "no indication [in the language or legislative history of the Magistrates Act] that failure to object should be treated as a waiver." 708 F.2d at 454. The Supreme Court reached a contrary conclusion: "It seems clear that Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by

Article III of the Constitution." 474 U.S. at 153, 106 S.Ct. at 474. Similarly, *Britt* expressed concern that the Sixth Circuit's rule might be unconstitutional because, without full review by the district court of all aspects of the magistrate's recommendations, "the magistrate's performance of the inherently judicial act of granting a motion to dismiss would be constitutionally suspect." 708 F.2d at 454. *Thomas* allays this concern, holding that the absence of automatic Article III review of the magistrate's recommendations raises no constitutional concerns because "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask." 474 U.S. at 154, 106 S.Ct. at 474; *see also id.* at 152, 106 S.Ct. at 74.

A majority of the circuits follows the Sixth Circuit's approach. *See Video Views, Inc. v. Studio 21, Ltd.,* 797 F.2d 538, 539 (7th Cir.1986); *Niehaus v. Kansas Bar Ass'n,* 793 F.2d 1159, 1164–65 (10th Cir.1986); *United States v. Schronce,* 727 F.2d 91, 93–94 (4th Cir.), *cert. denied,* 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984); *McCarthy v. Manson,* 714 F.2d 234, 237 (2d Cir.1983); *United States v. Lewis,* 621 F.2d 1382, 1386 (5th Cir.1980), *cert. denied,* 450 U.S. 935, 101 S.Ct. 1400, 67 L.Ed.2d 370 (1981); *Park Motor Mart, Inc. v. Ford Motor Co.,* 616 F.2d 603, 605 (1st Cir.1980). As the Supreme Court noted in *Thomas,* that rule more fully implements the intent of Congress in enacting the Magistrates Act and better furthers the goals of judicial efficiency and economy without diminishing procedural fairness to litigants. *See* 474 U.S. at 150–53, 106 S.Ct. at 472–74.

reasonable mind might accept as adequate to support a conclusion.' " *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985) (quoting *Richardson v. Perales*, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971)).

Pursuant to section 210(j)(2) of the Social Security Act, the existence of an employer-employee relationship is to be determined "under the usual common law rules." 42 U.S.C. § 410(j)(2) (1982). The Secretary has promulgated a nonexclusive list of factors to be considered in determining whether an individual is an employee. 20 C.F.R. § 404.1007(b) (1987). Among the factors that may indicate employee status are the following:

(1) The person you work for may fire you.

(2) The person you work for furnishes you with tools or equipment and a place to work.

(3) You receive training from the person you work for or are required to follow that person's instructions.

(4) You must do the work yourself.

(5) You do not hire, supervise, or pay assistants (unless you are employed as a foreman, manager, or supervisor).

(6) The person you work for sets your hours of work, requires you to work full-time, or restricts you from doing work for others.

(7) The person you work for pays your business or traveling expenses.

(8) You are paid by the hour, week or month.

*Id.*

Greenhow worked for a radio station as a sales representative for advertising time and as a talk-show host. The evidence revealed that: (1) Greenhow could be terminated at any time by Knox LaRue, the owner of the station; (2) the station provided him with a desk, office space and some broadcasting equipment, but he furnished some of his broadcasting equipment as well as an automobile for his calls on prospective purchasers of advertising time; (3) he was subject to supervision by LaRue, and if he was unable to call on a client someone else could be assigned to the call; (4)

Greenhow did his work himself, although there is no evidence of any express requirement that he do so; (5) he did not have any assistants, and the station provided him with clerical support (although Greenhow preferred to rely on his wife to assist him instead); (6) while he did not have fixed hours of work, he felt obligated to put in a fairly uniform number of hours over a given period of time, although he was apparently permitted to do some free-lance work in his spare time; (7) the station advanced him $150 per month for expenses, and he also was reimbursed for some, but not all, additional expenses for which he submitted statements; and (8) he was paid a monthly salary that was recorded as wages on his W–2 forms.

■ Greenhow's relationship with the station thus exhibits nearly all of the characteristics of an employer-employee relationship. Moreover, Greenhow received the employee benefits provided by the station, and LaRue characterized him as an "employee." Considering the record as a whole, we conclude that the Secretary's determination that Greenhow was an employee rather than an independent contractor is supported by substantial evidence.

## II

A. Greenhow also contends that even if he is an employee he should be entitled to deduct his business expenses notwithstanding 20 C.F.R. § 404.1045 (1987), which provides:

Amounts that your employer pays you specifically—either as advances or reimbursements—for traveling or for other ordinary and necessary expenses incurred, or reasonably expected to be incurred, in your employer's business are not wages. The employer must identify these travel and other expenses either by making a separate payment or by specifically stating the separate amounts if both wages and expense allowances are combined in a single payment.

Greenhow argues that it is "unreasonable" for the regulations to prevent him from deducting his expenses merely because his employer pays him a lump sum each month rather than separately reimbursing his expenses.

Section 404.1045 was promulgated pursuant to the Secretary's statutory authority "to make rules and regulations ... not inconsistent with the provisions of this subchapter, which are necessary or appropriate to carry out such provisions...." Social Security Act § 205(a), 42 U.S.C. § 405(a) (1982). "Where, as here, the statute expressly entrusts the Secretary with the responsibility for implementing a provision by regulation, our review is limited to determining whether the regulations promulgated exceeded the Secretary's statutory authority and whether they are arbitrary and capricious." *Heckler v. Campbell*, 461 U.S. 458, 466, 103 S.Ct. 1952, 1957, 76 L.Ed. 2d 66 (1983).

Nothing in the statute conflicts with section 404.1045. Indeed, Congress explicitly provided for differential treatment of business expenses incurred by wage-earners and self-employed persons by defining an individual's "earnings for a taxable year" as "(i) the sum of his wages for services rendered in such year and his *net* earnings from self-employment for such year, minus (ii) any *net* loss from self-employment for such year." Social Security Act § 203(f)(5)(A), 42 U.S.C. § 403(f)(5)(A) (1982) (emphasis added); *see also id.* §§ 211(a), (b), 42 U.S.C. § 411(a), (b) (1982 & Supp. III 1985) (defining "net earnings from self-employment" and "self-employment income").

■■■ Moreover, as the Second Circuit noted in *Colby v. Harris*, 622 F.2d 644, 646 (2d Cir.), *cert. denied*, 449 U.S. 900, 101 S.Ct. 269, 66 L.Ed.2d 130 (1980), differential treatment for self-employed persons and employees is entirely reasonable in light of the distinctions drawn by other provisions of the Social Security Act such as those determining the amounts of social security taxes paid and the benefits received. *Id.* Since the regulation is not inconsistent with any statutory provisions and is not arbitrary and capricious, the Secretary's exercise of discretion in promulgating it must be upheld.

B. Finally, even if the regulation is valid, Greenhow contends he is not subject to its literal language because he should be treated as a "traveling salesman" rather than a mere employee. He relies on a line of cases that permit traveling salesmen to deduct business expenses from their gross income for purposes of computing retirement benefit overpayments, even though their employers do not specifically designate portions of their remuneration as expense reimbursements. *See, e.g., Angell v. Flemming*, 291 F.2d 72 (4th Cir.1961); *Livingstone v. Heckler*, 618 F.Supp. 720 (D.Md.1985); *Sayer v. Richardson*, 360 F.Supp. 199 (W.D.La.1973).

The Secretary again responds that Greenhow has waived his right to make this argument, this time by failing to present it to the magistrate in the first instance. Instead, Greenhow first raised this issue in his objection to the magistrate's report. The district court apparently concluded that this issue was not properly before it; its order granting summary judgment adopted the magistrate's conclusion that "the sole issue before the court is whether there is substantial evidence to support the Secretary's finding that plaintiff was an employee," CR 22, at 2, and did not even discuss Greenhow's new contention that he was entitled to deduct his expenses as a traveling salesman.

■■■ The district court's refusal to consider Greenhow's belated claim was entirely appropriate. Under the district court's local rules, Greenhow was required to present his motion for summary judgment to the magistrate. E.D.Cal.R. 302(b)(13), 305(a). The district court's order of submission required Greenhow's motion to "contain appropriate points and authorities dealing with the specific legal issues involved in this case." CR 2, at 3 ¶ 5. Permitting Greenhow to offer new contentions to the district court would circumvent these rules and the district court's order. Moreover, allowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act. We do not believe that the Magistrates Act was intended to give litigants an opportunity to run one version of their case past the magistrate, then another past the district court.

■■■ Arguments raised for the first time on appeal have traditionally been held

to be barred, absent exceptional circumstances or a convincing explanation for the failure to present them to the court below. *See, e.g., McCall,* 628 F.2d at 1187; *United States v. Plechner,* 577 F.2d 596, 598 (9th Cir.1978); *Rothman v. Hospital Serv.,* 510 F.2d 956, 960 (9th Cir.1975). The district court was well within its discretion in applying this rule to matters heard in the first instance by the magistrate.

Greenhow raises no claim of exceptional circumstances to justify or excuse his failure to make the argument before the magistrate. His only explanation for the default is that he "did not find the four 'traveling salesman' cases until the preparation of his Objections to Magistrate's Proposed Findings and Recommendation." Petition for Rehearing at 3. Mere failure to discover a new legal theory until after the magistrate has ruled falls far short of the type of compelling circumstance that will permit a party to escape the waiver rule. The district court properly refused to consider this issue, and we are therefore barred from reviewing it on appeal.

AFFIRMED.