51 F.3d 286
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Marco Antonio ROCHA, Petitioner-Appellant,
v.
William E. PRICE; Gale Norton, Attorney General for the
State of Colorado, Respondents-Appellees.
 No. 94-1301.
 United States Court of Appeals, Tenth Circuit.
 March 29, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner-appellant Marco Rocha, a Colorado state prisoner, appeals from an order denying his 28 U.S.C. Sec. 2254 petition for a writ of habeas corpus. We affirm.
 
 
 2
 Petitioner was charged with distributing, and conspiring to distribute, twenty-eight grams of cocaine. Attorney Raymond Joachim was appointed to represent him.
 
 
 3
 Joachim requested that the jury trial be continued because petitioner had not assisted him in preparing a defense. At a subsequent hearing Joachim advised the court that he and petitioner had a conflict over calling certain witnesses. The court found an irreconcilable conflict between petitioner and Joachim as to defense strategy, and allowed Joachim to withdraw. The court refused to appoint another attorney but did appoint advisory counsel for the upcoming trial.
 
 
 4
 At the next scheduled jury trial date the court learned that petitioner had retained Attorney Don Lozow. The trial was continued. Lozow was subsequently permitted to withdraw due to differences with petitioner as to how to conduct the defense.
 
 
 5
 The court then appointed Attorney Tracey Porter, who represented petitioner on charges in Arapahoe County. Porter, too, eventually asked to be relieved as counsel due to her inability to work with petitioner. The court concluded that petitioner was "playing the system," and denied the motion.
 
 
 6
 Trial finally commenced on September 16, 1991. Porter once again renewed her motion to withdraw. The court again denied her motion to withdraw.
 
 
 7
 However, in the middle of voir dire, petitioner stated he definitely wanted to represent himself because Porter would not ask the questions he wanted her to ask. The court advised petitioner that he had the choice of continuing with Porter as his attorney or representing himself. Petitioner equivocated, but eventually stated he would proceed pro se because of Porter's inability to represent him. The court allowed petitioner to proceed pro se and appointed Porter as advisory counsel. Petitioner later objected that he was being forced to go to trial without a lawyer.
 
 
 8
 The trial proceeded. Petitioner gave an opening statement, cross-examined witnesses, and testified on his behalf. He was found guilty as charged.
 
 
 9
 Petitioner filed a direct appeal with the Colorado Court of Appeals, raising essentially the same issues he raises in this habeas proceeding.[1] The appellate court affirmed, and the state supreme court denied further review. Pursuant to a magistrate judge's recommendation, the district court denied the present Sec. 2254 petition.
 
 
 10
 Petitioner first contends that no court has ever evaluated the factors set forth in Barker v. Wingo, 407 U.S. 514, 530 (1972), for determining whether his constitutional right to a speedy trial was violated. Petitioner never mentioned the constitutional right to a speedy trial or Barker in his habeas petition; he relied solely on Colorado law. Contrary to petitioner's suggestion, his speedy trial claim based solely on state law did not implicitly raise a constitutional speedy trial claim. See Thomas v. Auger, 738 F.2d 936, 938-39 (8th Cir.1984).
 
 
 11
 Petitioner first referred to the constitutional right to a speedy trial in his objection to the magistrate judge's report. However, the district court concluded the only speedy trial issue raised was a violation of the state speedy trial statute. "[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act." Greenhow v. Secretary of Health & Human Servs., 863 F.2d 633, 638 (9th Cir.1988), overruled on other grounds by United States v. Hardesty, 977 F.2d 1347 (9th Cir.1992), cert. denied, 113 S.Ct. 1429 (1993); accord Paterson-Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co., 840 F.2d 985, 990-91 (1st Cir.1988). Petitioner made no showing of exceptional circumstances justifying his failure to raise the issue before the magistrate judge. E.g., Greenhow, 863 F.2d at 638-39. We conclude that a party may not raise an issue for the first time in an objection to a magistrate judge's report in order for the issue to be considered timely. The district court acted within its discretion in refusing to consider the constitutional speedy trial claim, and we are barred from reviewing it on appeal. See id.
 
 
 12
 The state appeals court concluded the state speedy trial statute had not been violated. "[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions." Estelle v. McGuire, 502 U.S. 62, ---, 112 S.Ct. 475, 480 (1991)(further citations omitted). The district court correctly refused to review the merits of the state speedy trial claim.
 
 
 13
 Petitioner next contends the state trial court denied his right to counsel by forcing him to choose between representing himself or being represented by Porter who, he claims, was ineffective. We review the voluntariness of a waiver of counsel de novo. United States v. Burson, 952 F.2d 1196, 1199 (10th Cir.1991), cert. denied, 112 S.Ct. 1702 (1992).
 
 
 14
 A choice between incompetent and unprepared counsel, and appearing pro se, is "a dilemma of constitutional magnitude." Sanchez v. Mondragon, 858 F.2d 1462, 1465 (10th Cir.1988) (further citations omitted), overruled on other grounds by United States v. Allen, 895 F.2d 1577 (10th Cir.1990). The choice to proceed pro se cannot be constitutionally voluntary if such a dilemma exists. Id. Thus, petitioner's decision to represent himself will be deemed voluntary only if he did not have good cause for requesting a substitution of counsel. Id. at 1466. Good cause for substitution of counsel can be a conflict of interest, complete breakdown of communication, or irreconcilable conflict leading to an apparently unjust verdict. United States v. Padilla, 819 F.2d 952, 955 (10th Cir.1987). However, a lawyer's decision, in the exercise of his or her legal judgment, not to pursue a certain line of defense desired by the defendant does not constitute good cause. Sanchez, 858 F.2d at 1466. The right to counsel does not require that counsel blindly follow a defendant's instructions. Padilla, 819 F.2d at 956.
 
 
 15
 Petitioner claims Porter was incompetent because she failed to object to the lack of a preliminary hearing. The record reflects that petitioner, appearing with counsel, waived a preliminary hearing. Absent a showing his waiver was subject to attack, Porter's failure to object does not establish incompetence.
 
 
 16
 Petitioner also argues Porter was incompetent because she refused to subpoena co-defendant Jose Mendoza-Figeroa and Detectives Don Brannon and Rex Freeburg.[2] While the decision whether to call a witness is a tactical one left to trial counsel's discretion, it is error not to call a witness who would present the only defense available. United States v. Miller, 643 F.2d 713, 714 (10th Cir.1981).
 
 
 17
 Petitioner asserted in his brief that Mendoza-Figeroa would have testified about his role in the case and his "testimony would affirm or contradict the prosecution's version of events," and that Detectives Brannon and Freeburg would have testified as to "the real reason for the petitioner's involvement in the case." Appellant's Opening Br. at 2-d. This falls far short of a showing that these witnesses would have presented the only defense available, or even would have been helpful to the defense. Because petitioner failed to show he had a right to new counsel due to Porter's incompetence, his waiver of counsel was voluntary. See Burson, 952 F.2d at 1199.
 
 
 18
 Petitioner also contends the state trial court did not conduct the inquiry required by People v. Arguello, 772 P.2d 87, 98 (Colo.1989), to determine whether his waiver of counsel was knowing and intelligent. He has not identified any deficiencies in the trial court's inquiries. The state appeals court and district court concluded he was adequately advised. We have reviewed the record and agree with those courts.
 
 
 19
 Petitioner next contends that his self-representation was so inept as to result in a denial of due process. See People v. Romero, 694 P.2d 1256, 1265 (Colo.1985) (noting "there may be circumstances where a pro se defendant's performance reaches such a level of ineptitude as to demonstrate a fundamental inability to provide any meaningful representation in his defense"). The state appeals court and district court disagreed, as we do. Petitioner had Porter available as advisory counsel, unlike the defendant in Romero. An interpreter was provided. He gave an opening and closing statement and cross-examined witnesses. While the trial court did not assist him in obtaining the three witnesses he sought, he has not shown they would have offered evidence helpful to his defense.
 
 
 20
 Finally, petitioner contends his constitutional rights to compulsory process and due process were violated because the three witnesses he desired were not subpoenaed. To establish denial of the constitutional right to compulsory process or due process, a party must make some showing how the witness's testimony would have been both favorable and material to the defense. United States v. Valenzuela-Bernal, 458 U.S. 858, 867, 872 (1982). As previously indicated, petitioner made no showing that the testimony of these witnesses would have helped his case. Merely showing he was deprived of the testimony of these witnesses is insufficient to establish a constitutional violation. Id. at 867.
 
 
 21
 The judgment of the United States District Court for the District of Colorado is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 He challenged the denial of a speedy trial on state statutory grounds, not federal constitutional grounds
 
 
 [2]
 Porter claimed the only witnesses petitioner mentioned to her were state court judges, a public defender, and a confidential informant