**Diellind SCHMIDT, Petitioner,**

v.

**JOHNSTONE, Respondent.**

**No. CV–02–0349–PHX–JAT.**

United States District Court,
D. Arizona.

June 18, 2003.

**1220**

Diellind Schmidt, Florence, pro se.

Cynthia M. Parsons, U.S. Attorney's Office, Phoenix, AZ, for Johnstone.

### ORDER

TEILBORG, District Judge.

Pending before this Court is the Report and Recommendation (R & R) by Magistrate Judge Lawrence Anderson entered on March 10, 2003 (Doc. # 28). In the R & R, the Magistrate Judge recommends that this Court deny Petitioner Diellind Schmidt's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (Doc. # 1).

In the R & R recommending that the Petition be denied, the Magistrate Judge advised the parties that (1) they had ten days to file specific written objections to the R & R and (2) the failure to timely file objections to any of the Magistrate Judge's factual determinations would be considered a waiver of the rights to *de novo* and appellate review of such determinations. (R & R at 5.) The parties did not file objections to the R & R.

### STANDARD OF REVIEW

■ This Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). "Within ten days after being served with a copy [of a report and recommendation], any party may serve and file written objections.... [T]he court shall make a *de novo* determination of those portions of the [report and recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). Moreover, 28 U.S.C. § 636(b)(1) does not "require[ ] some lesser review by the district court when no objections are filed." *Thomas v. Arn,* 474 U.S. 140, 149–50, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985). Instead, district courts are not required to conduct "any review at all ... of any issue that is not the subject of an objection." *Id.* at 149, 106 S.Ct. 466.

The petitioner in *Thomas* argued that 28 U.S.C. § 636(b)(1) distinguishes between factual and legal issues. Specifically, petitioner argued that "the obligatory filing of objections extends only to findings of fact .... [Congress] intended that the district judge would automatically review the magistrate's conclusions of law." *Id.* at 150, 106 S.Ct. 466. The Supreme Court rejected this argument and found that the circuit courts of appeal were free to adopt rules requiring petitioner to file objections to the legal conclusions in order to trigger review by the district court. *See id.* at 152, 106 S.Ct. 466 ("We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.").[1]

---

**1.** The Supreme Court explicitly rejected any statutory basis for distinguishing between the review standard for factual and legal issues:

We reject, however, petitioner's distinction between factual and legal issues. Once again, the plain language of the statute rec-

The Supreme Court's holding, however, does not compel the inverse conclusion; *i.e.*, simply because the statute does not compel district court review of the magistrate judge's unobjected legal conclusions, it does not follow that the courts of appeals are precluded from promulgating such a rule. *See Greenhow v. Secretary of Health and Human Services*, 863 F.2d 633, 636 n. 1 (9th Cir.1988) ("While holding that the Sixth Circuit rule was a valid exercise of federal appellate supervisory power, [*Thomas*] did not compel its adoption by the rest of the courts of appeals."), *overruled on other grounds United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992) (*en banc*) (rejecting *Greenhow*'s method for resolving intra-circuit conflicts); *see also Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1420, 1429 (5th Cir.1996) (*en banc*) (noting that *Thomas* acknowledges the courts of appeals' supervisory power to adopt such rules).

The Supreme Court recognized that there were two distinct issues for the Article III courts in accepting the recommendations of a magistrate judge in the absence of objections; (1) whether the district court accepts the magistrate's recommendations; and (2) whether the court of appeals will review the decision. *See Thomas*, 474 U.S. at 152–153, 106 S.Ct. 466 (treating these issues as separate questions). The Supreme Court reviewed the history and purpose of the Federal Magistrates Act and determined that Congress intended to give assistance to the district judges without shifting the burden to the courts of appeals:

> The Act grew out of Congress' desire to give district judges "additional assistance" in dealing with a caseload that was increasing far more rapidly than the

ognizes no such distinction. We also fail to find such a requirement in the legislative history.

number of judgeships. Congress did not intend district judges "to devote a substantial portion of their available time to various procedural steps rather than to the trial itself." Nor does the legislative history indicate that Congress intended this task merely to be transferred to the court of appeals.

*Id.* (internal citation omitted).

After deciding that neither the Constitution nor the Federal Magistrates Act require district courts to conduct any review of a magistrate judge's unobjected-to recommendations, *id.* at 152, 106 S.Ct. 466, the Supreme Court separately addressed the issue of whether the failure to file objections can waive appellate review of the decision:

> The waiver of appellate review does not implicate Article III, because it is the district court, not the court of appeals, that must exercise supervision over the magistrate. Even assuming, however, that the effect of the Sixth Circuit's rule is to permit both the district judge and the court of appeals to refuse to review a magistrate's report absent timely objection, we do not believe that the rule elevates the magistrate from an adjunct to the functional equivalent of an Article III judge. The rule merely establishes a procedural default that has no effect on the magistrate's or the court's jurisdiction.

*Id.* at 153–54, 106 S.Ct. 466.

■ Accordingly, under *Thomas*, the circuit courts of appeals are allowed to establish rules regarding (1) the level of district court review, if any, of a magistrate's unobjected-to recommendations, and (2) the level of appellate review, if any, when the district court has accepted the

*Id.* at 150, 106 S.Ct. 466 (footnote omitted).

unobjected-to recommendations of the magistrate. Thus, it is necessary to review the Ninth Circuit cases that have addressed this issue in order to determine whether the Ninth Circuit has promulgated such rules.

*Ninth Circuit Cases.* The relevant portions of the Federal Magistrate Act, 28 U.S.C. § 636(b)(1), were amended by Congress in 1976 to clarify "Congress' intent to permit magistrates to hold evidentiary hearings and perform other judicial functions." *Thomas,* 474 U.S. at 153, n. 12, 106 S.Ct. 466. Therefore, with one exception, Ninth Circuit cases decided prior to 1976 may be disregarded.

The one exception, *Campbell v. United States Dist. Ct.,* 501 F.2d 196 (9th Cir. 1974), remains relevant because the legislative history of the 1976 Federal Magistrate Act amendments quoted *Campbell* for the proposition that if "neither party contests the magistrate's proposed findings of fact, the court may assume their correctness and decide the motion on the applicable law." *See Thomas,* 474 U.S. at 150, n. 9, 106 S.Ct. 466.[2] The petitioner in *Thomas* argued that this quote from the legislative history evidenced Congressional intent to require *de novo* review of a magistrate's legal conclusions. *Id.*

The Supreme Court disagreed and found that the quoted language from *Campbell* "was part of a longer quotation setting a *de novo* review standard when objections are filed.... We believe, therefore, that the House Report used the language from *Campbell* only to support a *de novo* standard upon the filing of objections *and not for any other proposition.*" *Id.* (emphasis added). Thus, as interpreted by the Su-

preme Court, *Campbell* does not provide Ninth Circuit guidance on the need for review of unobjected-to magistrate recommendations.

The Ninth Circuit next considered the issue of objections to a magistrate's recommendations in *McCall v. Andrus,* 628 F.2d 1185 (9th Cir.1980). There, the Ninth Circuit noted that the plaintiff was "barred from raising this issue because he failed to object to the magistrate's recommendation that the trial court find that there was substantial evidence in the record to support the Board's decision." *Id.* at 1189. The court of appeals only addressed appellate review, however, and did not offer citation or analysis for its statement. Moreover, the court of appeals proceeded to address and reject the merits of plaintiff's contested legal issue. *Id. McCall,* therefore, is not helpful in determining the correct procedure to be employed by the district court in evaluating a magistrate's unobjected-to recommendations.

Three years later, in *Britt v. Simi Valley Unified School District,* 708 F.2d 452 (9th Cir.1983), the court of appeals concluded that 28 U.S.C. § 636(b) and Article III of the U.S. Constitution required a rule allowing a party to contest a magistrate's legal conclusions even when no objections were filed:

> The [Federal Magistrate] Act's sponsors made it clear that magistrates remain subject to the supervision of the district judges and that the authority for making final decisions remains at all times with the judge.

> Under § 636(b)(1)(B) the authority and the responsibility to make an informed,

---

**2.** The Advisory Committee Notes to the 1983 Addition to Subdivision (b) of Fed.R.Civ.P. 72 [which corresponds to 28 U.S.C. § 636(b)] cites *Campbell,* 501 F.2d at 206, as quoted in House Report No. 94–1609, 94th Cong.2d Sess (1976) at 3, for the proposition that

"[w]hen no timely objection is filed, the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." As discussed below, the Supreme Court has rejected this interpretation of *Campbell.*

final determination rests with the judge. The delegation of duties to the magistrate does not violate Article III if the ultimate decision is made by the district court.

The court's power to "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate" exists whether objections have been filed or not. The district court must decide for itself whether the magistrate's report is correct. Without this judicial review, the magistrate's performance of the inherently judicial act of granting a motion to dismiss would be constitutionally suspect.

This court has held that a district court with responsibility to make an ultimate decision based on a magistrate's recommendation under § 636(b)(1)(A) should consider the legal issues involved. [citing *Campbell*]. We have also held that, in a § 636(b)(1)(B) proceeding, failure to object to a magistrate's finding of fact waives the right to contest those findings on appeal. [citing *McCall*].

The Fifth and Eighth Circuits have held that failure to file objections does not waive the right to appeal the district court's conclusions of law. We agree. Supervision by the district court means nothing if purely legal issues decided by the magistrate are not reviewed routinely.

We disagree with the Sixth Circuit's conclusion that a rule of absolute waiver of appeal is necessary to achieve Congress' goal of reducing the workload of district court judges. Waiver of the right to judicial review of magistrates' findings of fact produces substantial savings of time and effort.

*Britt,* 708 F.2d at 454–55 (internal citation omitted).

As discussed below, in *Greenhow,* 863 F.2d at 636, the court of appeals recognized two problems with *Britt.* First, *Britt*'s conclusion that appellate review of legal conclusions is not waived by failure to file objections, 708 F.2d at 455, conflicted with the statement in *McCall* that the failure to file objections waived appellate review, 628 F.2d at 1189. Second, the Supreme Court in *Thomas,* 474 U.S. at 152–54, 106 S.Ct. 466, rejected the statutory and constitutional arguments underlying *Britt.*

*Britt's intra-circuit conflict.* *Greenhow* recognized the intra-circuit conflict after three courts had already cited to and applied *Britt*'s holding. *Greenhow,* 863 F.2d at 636.[3] Reasoning that the citation to and acceptance of *Britt* by three panels of the court of appeals meant that *Britt* "has successfully posed as the law of the circuit for long enough to be relied upon by parties, including the plaintiff, who appear before magistrates," the *Greenhow* court effectively overruled *McCall* and adopted *Britt. Id.*

Ultimately, *Greenhow*'s rationale for resolving the intra-circuit conflict in favor of *Britt* was explicitly overruled by the *en banc* decision in *Hardesty,* 977 F.2d at 1348. The *Hardesty* court, however, did not overrule or even address the substance of *Greenhow*'s holding regarding *Britt;* probably because another panel decision had determined that there was no conflict between *McCall, Britt,* and *Greenhow. See Martinez v. Ylst,* 951 F.2d 1153, 1156 n. 4 (9th Cir.1991) ("[the plaintiff in *McCall*] had failed both to object to the magistrate's finding and to raise the issue

---

**3.** *Greenhow* cited *Shiny Rock Mining Corp. v. United States,* 825 F.2d 216, 218 n. 1 (9th Cir.1987); *U.S. Dominator, Inc. v. Factory Ship Robert E. Resoff,* 768 F.2d 1099, 1102– 1103 (9th Cir.1985); *United States v. Bernhardt,* 840 F.2d 1441, 1445 (9th Cir.1988), as applying the *Britt* no-waiver on appeal rule.

until his reply brief. We read *McCall* as standing for the proposition that a failure to object is a factor to be considered in determining waiver but is not necessarily dispositive.").

*The Supreme Court rejection of Britt's rationale.* By finding that neither 28 U.S.C. 636(b)(1), nor Article III of the U.S. Constitution required appellate or district court review of a magistrate's unobjected-to legal recommendations, *Thomas* explicitly rejected the reasoning underlying *Britt.* The *Greenhow* court acknowledged this fact, but decided that *Britt* continued in force:

> *Thomas* substantially undercuts the reasoning in *Britt* that persuaded us not to impose a waiver rule in the context of legal issues decided by magistrates. In *Britt* we found "no indication [in the language or legislative history of the Magistrates Act] that failure to object should be treated as a waiver." The Supreme Court reached a contrary conclusion: "It seems clear that Congress would not have wanted district judges to devote time to reviewing magistrate's reports except to the extent that such review is requested by the parties or otherwise necessitated by Article III of the Constitution." Similarly, *Britt* expressed concern that the Sixth Circuit's rule might be unconstitutional because, without full review by the district court of all aspects of the magistrate's recommendations, "the magistrate's performance of the inherently judicial act of granting a motion to dismiss would be constitutionally suspect." *Thomas* allays this concern, holding that the absence of automatic Article III review of the magistrate's recommendations raises no constitutional concerns because "any party that desires plenary consideration by the Article III judge of any issue need only ask."
>
> A majority of the circuits follows the Sixth's Circuit's approach. As the Su-

preme Court noted in *Thomas,* that rule more fully implements the intent of Congress in enacting the Magistrates Act and better furthers the goals of judicial efficiency and economy without diminishing the procedural fairness to litigants.

*Greenhow,* 863 F.2d at 636 n. 1 (internal citation omitted; brackets in original).

Accordingly, notwithstanding an intra-circuit conflict and rejection by the Supreme Court, *Britt*'s holding endured a rather torturous journey to survive as the controlling law of the Ninth Circuit: "we follow *Britt* and hold that plaintiff's failure to object to the magistrate's recommended conclusions of law does not constitute a waiver of those claims on appeal." *Id.* at 636. It is thus necessary to determine what *Britt* provided as a rule for the district courts.

*The Britt rule for district courts.* With respect to district court acceptance of a magistrate's unobjected-to recommendations, *Britt* provides that a district court should "decide for itself whether the magistrate's report is correct" and "consider the legal issues involved." *Britt,* 708 F.2d at 454–55. However, "[w]aiver of the right to judicial review of magistrates' findings of fact produces substantial savings of time and effort." *Id.* Taken together, these statements support a rule requiring no district court review of a magistrate's unobjected-to findings of fact, but some review—presumably *de novo*—of the magistrate's unobjected-to legal conclusions. This interpretation of *Britt* has been accepted by subsequent Ninth Circuit decisions. *E.g. Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir.1989) ("a failure to file objections only relieves the trial court of its burden to give *de novo* review to factual findings; conclusions of law must still be reviewed *de novo.*") (citing *Britt,* 708 F.2d at 454); *see also Gates v. Gomez,* 60 F.3d 525, 530 (9th Cir.1995) ("[The district

court] also reviews *de novo* the magistrate judge's findings of fact to which a party has objected. It reviews the magistrate judge's conclusions of law *de novo*, as well.").[4]

*Continuing force of Britt.* Having concluded that *Britt* survived the initial turbulence, and became controlling Ninth Circuit precedent does not end the inquiry. This Court must now consider whether *Britt* remains good law.

In a recent decision, *United States v. Reyna–Tapia*, 328 F.3d 1114 (9th Cir.2003) (*en banc*), the court of appeals, sitting *en banc*, "clarif[ied] the circumstances under which the district court must conduct a *de novo* review of the magistrate judge's findings and recommendations." *Id.* at 1121. The court of appeals reviewed the language of 28 U.S.C. § 636(b)(1), and determined that the "statute makes it clear that the district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." *Id.* at 1121 (emphasis in original).

Although *Reyna–Tapia* did not specifically overrule, discuss, or even cite to *Britt,* the same statutory section was at issue in both cases, *i.e.,* 28 U.S.C. § 636(b)(1). In the absence of an explicit statement from the Ninth Circuit that

*Britt* has been overruled, this Court would prefer to reconcile *Britt* and *Reyna–Tapia* and follow both cases as controlling Ninth Circuit precedent. *Cf. Rodriguez de Quijas v. Shearson/American Express, Inc.,* 490 U.S. 477, 484, 109 S.Ct. 1917, 104 L.Ed.2d 526 (1989) (reminding the court of appeals to "leav[e] to [the Supreme Court] the prerogative of overruling its own decisions"). Because *Reyna–Tapia* was decided by the Ninth Circuit sitting *en banc,* however, *Reyna–Tapia* can impliedly overrule other contrary Ninth Circuit precedent without explicitly so stating. *See Howard v. Everex Sys.,* 228 F.3d 1057, 1065 n. 10 (9th Cir.2000) (noting that a Ninth Circuit panel decision was "effectively overruled" by an *en banc* decision of the same court).

This Court cannot reconcile the statements in *Britt* that under 28 U.S.C. § 636(b)(1) the "district court must decide for itself whether the magistrate's report is correct" and that "a district court ... should consider the legal issues involved" in a magistrate's unobjected-to recommendation, 708 F.2d at 454, with *Reyna–Tapia*'s unambiguous statement that under 28 U.S.C. § 636(b)(1) a "district judge must review the magistrate judge's findings and recommendations *de novo if objection is made,* but not otherwise." 328 F.3d at 1122(emphasis in original).[5] Ac-

---

**4.** *Britt* 's holding that the failure to file objections does not foreclose appellate review is more widely cited. *See, e.g., Richardson v. Sunset Sci. Park Credit Union,* 268 F.3d 654, 658 (9th Cir.2001); *Jones v. Wood,* 207 F.3d 557, 562 n. 2 (9th Cir.2000); *Lisenbee v. Henry,* 166 F.3d 997, 998 n. 2 (9th Cir.1999); *Turner v. Duncan,* 158 F.3d 449, 455 (9th Cir.1998); *Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir.1996); *Smith v. Frank,* 923 F.2d 139, 141 (9th Cir.1991).

**5.** It may be that the court of appeals will ultimately distinguish between the scenario presented in this case (a habeas corpus proceeding), and that of *Reyna–Tapia* (a Rule 11 plea colloquy). Nevertheless, because a plea

colloquy presents both factual and legal issues, *see United States v. Vonn,* 535 U.S. 55, 62, 122 S.Ct. 1043, 152 L.Ed.2d 90 (2002) (noting that in a plea colloquy the judge must ensure that a defendant "understands the law of his crime in relation to the facts of his case"), it appears to this Court that the legal and factual recommendations of a magistrate judge in a plea colloquy are indistinguishable from those in a habeas corpus proceeding. *See Hunt v. Pliler,* 2003 WL 21524761, *4, 2003 U.S.App. LEXIS 11228, *13 (9th Cir. June 5, 2003) (quoting *Reyna–Tapia* in the habeas corpus context for the proposition that *de novo* review is required "*if objection is made,* but not otherwise" (emphasis in original)).

cordingly, this Court concludes that *Reyna–Tapia* impliedly overrules *Britt* and its progeny to the extent those cases require a district court to conduct a *de novo* review of a magistrate judge's unobjected-to conclusions of law. Following *Reyna–Tapia*, this Court concludes that *de novo* review of factual and legal issues is required if objections are made, "but not otherwise." 328 F.3d at 1122.

The question then becomes whether the district court must apply some lesser standard of review to a magistrate judge's findings and recommendations if no objections are filed. In *Reyna–Tapia*, the district court purported to have applied *de novo* review of the magistrate judge's proceedings. *Id.* at 1116 n. 1. The court of appeals deemed irrelevant the question of whether the district court actually employed *de novo* review. *See id.* ("For our purposes, it is not important how or whether *de novo* review was conducted because we hold that *de novo* review was neither required nor necessary ...."). The court of appeals affirmed the conviction and did not remand the case to the district court to apply any other standard of review. *Id.* at 1122. The implication of *Reyna–Tapia*'s disregard for the standard of review employed by the district court is that the court of appeals, much like the Supreme Court in *Thomas,* has concluded that district courts are not required to conduct "any review at all ... of any issue that is not the subject of an objection." 474 U.S. at 149, 106 S.Ct. 466. Accordingly, this Court concludes that no review is required of a magistrate judge's report and recommendation unless objections are filed.

## ANALYSIS

Neither party has filed objections to the R & R. Accordingly, the Court accepts the Magistrate Judge's recommendation that the Petition be denied.

**IT IS THEREFORE ORDERED** that the Magistrate Judge's R & R (Doc. # 28) is **ACCEPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition for Writ of Habeas Corpus (Doc. # 1) is **DENIED** and this action is **DISMISSED WITH PREJUDICE.**