Mark Anthony FARQUHAR,
Plaintiff—Appellee,

v.

JONES, Warden, Defendant,

and

William S. Cain, M.D., Defendant—
Appellant.

No. 04–17032.

D.C. No. CV–02–05712–OWW.

United States Court of Appeals,
Ninth Circuit.

Submitted July 11, 2005.*

Decided July 13, 2005.

Mark Anthony Farquhar, Vacaville, CA,
pro se.

James E. Flynn, Deputy Atty. Gen., Office of the California Attorney General,
Department of Justice, Sacramento, CA,
Defendant–Appellant.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before SCHROEDER, Chief Judge, RAWLINSON and BYBEE, Circuit Judges.

MEMORANDUM**

William S. Cain, M.D., a doctor at Avenal State Prison where appellee Mark Farquhar was incarcerated, appeals the district court's denial of his motions for summary judgment and reconsideration in Farquhar's 42 U.S.C. § 1983 action alleging deliberate indifference to his serious medical needs. We dismiss in part and affirm in part.

Cain did not raise the issue of qualified immunity in his motion for summary judgment and we therefore lack jurisdiction to consider the district court's determination that the parties' evidence presents genuine issues of material fact. *See Lee v. Gregory,* 363 F.3d 931, 932 (9th Cir.2004) (district court's denial of summary judgment is not appealable unless the ground for the motion is qualified immunity). Although Cain asserted in his objections to the magistrate judge's report recommending denial of the summary judgment motion that he was entitled to qualified immunity, the district court properly declined to address this issue when it adopted the magistrate judge's findings and recommendations. *See Greenhow v. Sec'y of Health & Human Servs.,* 863 F.2d 633, 638–39 (9th Cir.1988) (district court properly ruled that issues raised for the first time in objections to magistrate's report had been waived), *overruled on other grounds, United States v. Hardesty,* 977 F.2d 1347, 1348 (9th Cir.1992).

The district court did not abuse its discretion by denying Cain's motion for reconsideration, which raised the qualified immunity issue, because Cain did not show new evidence, legal error or a change in the law. *See Carroll v. Nakatani,* 342 F.3d 934, 940, 945 (9th Cir.2003). Moreover, the district court properly determined that *Saucier v. Katz,* 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), did not modify the well-established standards for a prisoner's Eighth Amendment claim based on lack of access to medical treatment.

Cain's motion to attach an appendix to the record is denied.

**DISMISSED in part, AFFIRMED in part.**

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

