NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

DEC 16 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JACK B. ROY, an individual, | No.  21-35103 |
| Plaintiff-Appellant, | D.C. No. 3:18-cv-01695-YY |
| v. | |
| LABORER'S LOCAL 737, a domestic nonprofit mutual benefit corporation; ZACKARY CULVER, an individual, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Oregon
Karin J. Immergut, District Judge, Presiding

Argued and Submitted December 9, 2021
San Francisco, California

Before:  WARDLAW, BRESS, and BUMATAY, Circuit Judges.

Jack Roy appeals from the district court's order granting summary judgment

to Laborer's Local 737 ("Local 737") in Roy's action under the Age Discrimination

in Employment Act ("ADEA") and Oregon's age discrimination laws, Or. Rev. Stat.

§ 659A.030(1)(a)–(c).  Roy claims that Local 737 terminated him because of his age.

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

We review the district court's grant of summary judgment de novo, viewing the facts in the light most favorable to Roy as the non-moving party. *Howard v. HMK Holdings, LLC*, 988 F.3d 1185, 1189 (9th Cir. 2021). We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

To establish a claim of age discrimination under the ADEA, Roy must show that age was the "but-for" cause of his termination.[1] *Gross v. FBL Fin. Services, Inc.*, 557 U.S. 167, 176 (2009). To the extent Roy advances a theory of direct evidence of age discrimination, his claim fails. "Direct evidence of discriminatory intent consists of evidence which, if believed, proves the fact of discriminatory animus without inference or presumption." *Mayes v. WinCo Holdings, Inc.*, 846 F.3d 1274, 1280 (9th Cir. 2017) (simplified). But such evidence must be "directly tied to the adverse employment decision." *France v. Johnson*, 795 F.3d 1170, 1173 (9th Cir. 2015). While Roy identifies comments that others at Local 737 allegedly made about his age, he has not shown those comments were "directly tied" to his termination. *Id.* Additionally, many of the remarks were not "clearly" ageist. *See*

---

[1] Roy claims Oregon law uses a "substantial factor" standard of causation rather than the ADEA's "but for" test. But Roy forfeited this argument because arguments not raised before the magistrate judge are "barred, absent exceptional circumstances or a convincing explanation for the failure to present them." *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 639 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992). Regardless, Roy has not demonstrated that a "substantial factor" test would require a different result in this case. We thus refer to Roy's claims collectively as an ADEA claim.

*Coghlan v. Am. Seafoods Co.*, 413 F.3d 1090, 1095 (9th Cir. 2005) (Direct evidence usually requires "clearly . . . discriminatory statements."). As the magistrate judge correctly observed, "[t]here is no direct evidence that [Roy] was terminated because of his age."

Roy's attempt to create a genuine dispute of material fact through circumstantial evidence also fails. When a plaintiff attempts to prove discriminatory intent based on circumstantial evidence, we apply the burden-shifting framework from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See, e.g., Shelley v. Geren*, 666 F.3d 599, 607–08 (9th Cir. 2012). Here, we assume without deciding that Roy has made out a prima facie case of age discrimination. *See Diaz v. Eagle Produce, Ltd.*, 521 F.3d 1201, 1207 (9th Cir. 2008) (setting forth elements of prima facie case for ADEA claim).

Under *McDonnell Douglas*, the burden then shifts to Local 737 "to articulate a legitimate, nondiscriminatory reason for its employment action." *Raytheon Co. v. Hernandez*, 540 U.S. 44, 49 n.3 (2003). In this case, Local 737 offered evidence that Roy was terminated for accepting an item of value, an air conditioning/heating unit, from a signatory contractor at a job site, violating union rules. Local 737 demonstrated that the Local 737 Trial Board and a special hearings panel of the national union found that Roy's actions were at the very least improper and reflected poorly on the union. Local 737 further demonstrated that it terminated Roy shortly

3

after learning he had taken the air conditioning/heating unit. Such misconduct provided a legitimate, nondiscriminatory reason for Local 737's termination decision.

At this point, the burden then shifted to Roy to "prove disparate treatment by . . . offering evidence demonstrating that the employer's explanation is pretextual." *Id.* Roy therefore had to "introduce evidence sufficient to raise a genuine issue of material fact as to whether the reasons [Local 737] articulated are pretexts for age discrimination." *Coleman v. Quaker Oats Co.*, 232 F.3d 1271, 1282 (9th Cir. 2000). This requires "showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *Shelley*, 666 F.3d at 609 (quotations omitted).

Considering the evidence cumulatively, *see Raad v. Fairbanks N. Star Borough*, 323 F.3d 1185, 1194 (9th Cir. 2003), Roy has not demonstrated a genuine dispute of material fact that Local 737's explanation for his termination is pretextual. The comments about Roy's age—often by older union members—do not create a genuine dispute of material fact because stray remarks such as those Roy identifies are insufficient to raise an inference of discrimination. *Nidds v. Schindler Elevator Corp.*, 113 F.3d 912, 918–19 (9th Cir. 1996). And here, the magistrate judge correctly observed that the comments constituted offhand remarks unrelated to

Roy's termination. Indeed, less than a year before his termination, Local 737 promoted Roy and gave him a $10,000 raise.

Nor has Roy demonstrated pretext in Local 737's explanation that it terminated Roy because he took an item of value from a signatory contractor. Even crediting Roy's explanation that his son was borrowing the air conditioning/heating unit, a panel of the national union found that Roy's actions were improper. Roy has not shown that the union's investigation of his misconduct was lacking or that further inquiry would have led to a different result. Nor has he demonstrated that Local 737 inconsistently applies its prohibition against union employees taking items of value from signatory contractors.

**AFFIRMED.**