NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

NOV 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

J.S., by and through S.S. and E.S.,

        Plaintiff-Appellant,

    v.

EUGENE SCHOOL DISTRICT 4J,

        Defendant-Appellee.

No.   23-35522

D.C. No. 6:21-cv-01430-MK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Oregon
Ann L. Aiken, District Judge, Presiding

Argued and Submitted October 24, 2024
Portland, Oregon

Before:  LEE, VANDYKE, and H.A. THOMAS, Circuit Judges.

J.S. appeals the district court's grant of summary judgment to Eugene

School District 4J ("the District") on J.S.'s claims under the Individuals with

Disabilities Education Act ("IDEA") and Section 504 of the Rehabilitation Act of

1973 ("Section 504"). We have jurisdiction under 28 U.S.C. § 1291. We affirm.

"We review the district court's findings of fact for clear error even when

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

they are based on the written record of administrative proceedings." *D.O. v. Escondido Union Sch. Dist.*, 59 F.4th 394, 405 (9th Cir. 2023) (quoting *Amanda J. v. Clark Cnty. Sch. Dist.*, 267 F.3d 877, 887 (9th Cir. 2001)). We review *de novo* whether a school district's proposed individualized education program ("IEP") provided a free appropriate public education ("FAPE") to a student. *L.A. Unified Sch. Dist. v. A.O.*, 92 F.4th 1159, 1169 (9th Cir. 2024). "Complete *de novo* review, however, is inappropriate." *Capistrano Unified Sch. Dist. v. S.W.*, 21 F.4th 1125, 1132 (9th Cir. 2021) (quoting *Amanda J.*, 267 F.3d at 887). We must "give due weight to judgments of education policy when reviewing state administrative hearing decisions" and "may not substitute [our] own notions of sound educational policy for those of the school authorities which [we] review." *A.O.*, 92 F.4th at 1168 (cleaned up). Because the ALJ's administrative findings here are "thorough and careful," we give them "particular deference." *Id.* (quoting *J.G. v. Douglas Cnty. Sch. Dist.*, 552 F.3d 786, 793 (9th Cir. 2008)).

1. The District provided J.S. with a FAPE under the IDEA. First, the district court did not err in finding that the District offered J.S. a continuum of alternative placements. Contrary to J.S.'s argument on appeal, the record demonstrates that the District offered J.S. "a variety of supplemental aids and services, coupled with varying degrees of placement in the regular classroom to mainstream [him] to the maximum extent appropriate." *Poolaw v. Bishop*, 67 F.3d 830, 835 (9th Cir. 1995).

This would be true even if the District had not offered The Child Center as an option. And the record is clear that, in November 2018 and March 2019, the IEP team determined home instruction best met J.S.'s educational needs.

Second, the district court did not err in finding that the District had no obligation to provide services in the District's program ("4J Program") in a manner identical to the services provided in the Lane Educational Services District program ("ESD Program"). Although J.S. argues his transition from the ESD Program to the 4J Program was a change in placement, the record demonstrates that both programs satisfied the public separate school educational placement that was listed in J.S.'s April 2018 IEP. *See E.E. v. Norris Sch. Dist.*, 4 F.4th 866, 871 (9th Cir. 2021) (explaining that the "current educational placement" is "the placement set forth in the child's last implemented IEP"). There was no "significant change" between the ESD Program and the 4J Program such that a change in educational placement occurred. *N.D. v. Haw. Dep't of Educ.*, 600 F.3d 1104, 1116 (9th Cir. 2010).

Third, the district court did not clearly err in finding that the District implemented J.S.'s Behavioral Support Plan ("BSP") in the classroom. J.S. offers no evidence contradicting the District staff's testimony that J.S.'s BSP was available to staff and teachers, that teachers were observed implementing his BSP in the classroom, and that behavioral consultants shared information about his BSP

with other staff members. The ALJ's credibility determinations related to these matters are entitled to deference. *J.W. v. Fresno Unified Sch. Dist.*, 626 F.3d 431, 446 (9th Cir. 2010).

Fourth, the district court did not clearly err in finding that J.S.'s home instruction placement was based on his needs. J.S. offers no evidence contradicting the ALJ's determination that the IEP team considered his needs in formulating the daily duration of his home instruction. As the district court noted, the ALJ's finding was made in light of undisputed evidence that J.S.'s mother indicated to the IEP team that J.S. could tolerate a maximum of 90 minutes of instruction at a time.

Fifth, the district court did not clearly err in finding that there was "no reason to disturb the ALJ's determination that the failure to implement supports for all of [J.S.'s] social, emotional, and behavioral goals for the school environment while he was on home instruction was not a denial of FAPE." Although J.S. could not work on initiating positive interactions with his peers during his time in home instruction, the record demonstrates that the IEP contained other goals in the social, emotional, and behavioral goals category, and that J.S. made progress in this category.

2. "[A]dopting a valid IDEA IEP is sufficient but not necessary to satisfy the § 504 FAPE requirements." *Mark H. v. Lemahieu*, 513 F.3d 922, 933 (9th Cir. 2008). Because the District adequately implemented an IEP under the IDEA, the

district court correctly determined that it also provided a FAPE under Section 504.

3. J.S. forfeited any non-FAPE claims under Section 504. Prior to objecting to the magistrate judge's findings and recommendation ("F&R"), J.S. never explicitly framed any of his Section 504 claims as non-FAPE claims. Arguments raised for the first time in objections to an F&R are "barred, absent exceptional circumstances or a convincing explanation for the failure to present them." *Greenhow v. Sec'y of Health & Hum. Servs.*, 863 F.2d 633, 638–39 (9th Cir. 1988), *overruled on other grounds by United States v. Hardesty*, 977 F.2d 1347, 1348 (9th Cir. 1992).

4. Under federal regulations, parents in an IDEA hearing have the right to receive a record of the hearing and the findings of fact and decisions provided at no cost to them. 34 C.F.R. § 300.512(c)(3). Here, J.S.'s parents were entitled to transcription at no cost to them because J.S.'s Section 504 claims before the ALJ were all based on the denial of a FAPE. Oregon's rule providing for cost-sharing cannot invalidate this federal command. *See* Or. Admin. R. 581-015-2395(4); *see also Young v. Coloma-Agaran*, 340 F.3d 1053, 1055–56 (9th Cir. 2003). The district court thus erred in affirming the ALJ's order requiring J.S.'s parents to pay a portion of the hearing transcription costs. *See Forest Grove Sch. Dist. v. T.A.*, 523 F.3d 1078, 1084 (9th Cir. 2008).

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**[1]

---

[1] Each party shall bear its own costs associated with this appeal.

23-35522