Ernest A. BRAWNER,
Plaintiff–Appellant,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES,**
Defendant–Appellee.

No. 87–5767.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 3, 1987.*

Memorandum Nov. 5, 1987.

Order and Opinion Jan. 29, 1988.

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Edmund Parent, Santa Barbara, Cal., for plaintiff-appellant.

David R. Mazzi, Asst. Regional Counsel, Dept. of Health and Human Services, San Francisco, Cal., for defendant-appellee.

Before TANG, WIGGINS and KOZINSKI, Circuit Judges.

PER CURIAM:

Ernest Brawner appeals from the district court's decision upholding the determination of the Secretary of Health and Human Services that Brawner was not entitled to disability insurance benefits. "The Secretary's decision denying benefits will be disturbed only if it is not supported by substantial evidence or it is based on legal error." *Green v. Heckler*, 803 F.2d 528, 529 (9th Cir.1986) (citation omitted); *see* Social Security Act § 205(g), 42 U.S.C. § 405(g) (1982). We review the district court's decision de novo. *Gamer v. Secretary of Health & Human Servs.*, 815 F.2d 1275, 1278 (9th Cir.1987).

Brawner previously applied for disability benefits under Title II of the Social Security Act in 1980. On April 23, 1982, the first administrative law judge (ALJ) ruled that he was not disabled. Brawner did not appeal, and that decision precludes him from arguing that he was disabled as of that date. *Green*, 803 F.2d at 530. Moreover, the decision creates a presumption that he was able to work beyond that date. *Id.*; *Miller v. Heckler*, 770 F.2d 845, 848 (9th Cir.1985). Brawner has the burden of proving "'changed circumstances,' i.e., showing that his impairments have become more severe since the date of the earlier decision." *Green*, 803 F.2d 530 (quoting *Taylor v. Heckler*, 765 F.2d 872, 875 (9th Cir.1985)). The ALJ and district court concluded that he had not met that burden.

Brawner contends that the ALJ failed to state sufficient reasons for rejecting the credibility of both his wife and himself. The district court, which adopted the Report and Recommendation of the magistrate, found that the absence of clinical or other objective justification for Brawner's claims, as well as Brawner's misrepresentations and falsification of records in the course of pursuing disability benefits, amply supported the ALJ's finding that "[n]either the claimant nor his spouse were credible in their assertions as to the severe pain and substantial work limitations alleged by the claimant." Administrative Record at 34. We give great weight to an ALJ's credibility assessment. *Nyman v. Heckler*, 779 F.2d 528, 531 (9th Cir.1986). After carefully reviewing the record, we find that the ALJ's findings were supported by substantial evidence.

Similarly, Brawner contends that the ALJ did not state sufficient reasons for rejecting the opinions of certain treating physicians. The ALJ may only disregard the opinion of a treating physician if there are specific and legitimate reasons based on substantial evidence, *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986), and he must set forth a thorough summary of the facts and conflicting clinical evidence used in reaching that decision, *Murray v. Heck-*

**434**

*ler*, 722 F.2d 499, 502 (9th Cir.1983). The ALJ found that the opinions of the physicians cited by Brawner, to the extent that they were relevant to the short period in question, were not based on clinical or otherwise reliable evidence, but on Brawner's own complaints. Because Brawner's conduct undermined his credibility, it was reasonable to question the reliability of a physician's opinion based only on Brawner's complaints. The ALJ's opinion was replete with medical and other factual evidence justifying his conclusion, and the district court found that the record provided more than adequate support for his findings. We agree.

■ Finally, Brawner contends that the ALJ erred in classifying his past relevant work as "light." Even if the ALJ erred in this respect, he also found that Brawner was able to perform other light work and was therefore not disabled. Any such error was therefore harmless and establishes no cause for remand.

AFFIRMED.