Virginia FRAGA, Plaintiff,

v.

Louis SULLIVAN, Secretary of Health & Human Services, Defendant.

No. C–89–3658–JPV.

United States District Court, N.D. California.

May 17, 1993.

Richard A. Gutstadt, Law Offices of Richard A. Gutstadt, Oakland, CA, for plaintiff.

George C. Stoll, Asst. U.S. Atty., San Francisco, CA, for defendant.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

VUKASIN, District Judge.

### INTRODUCTION

Plaintiff's motion for summary judgment is before this court pursuant to section 205(g) of the Social Security Act (the "Act"), 42 U.S.C. § 405(g), following the final decision of the Secretary of Health and Human Services (the "Secretary").

### BACKGROUND

Plaintiff filed her application for Social Security and SSI disability benefits on November 2, 1987. At that time she was 56 years of age. Today, plaintiff, who has an eleventh-grade education, is in her early sixties and is still seeking relief. Plaintiff has consistently testified that because of pain associated with a degenerative disc condition in her back, she is unable to perform sedentary work, including her prior occupation as an envelope stuffer.

Plaintiff has exhausted her administrative remedies, including obtaining additional medical findings as ordered by this court. The Administrative Law Judge (ALJ), based upon his review of medical testimony, rejected plaintiff's claims based upon her complaints of pain and her inability to sit for prolonged periods of time, and held that plaintiff was capable of performing sedentary work. The ALJ's decision became the final decision of the defendant (Secretary) on June 1, 1992. Plaintiff now seeks redress in this court.

### SCOPE OF ADMINISTRATIVE REVIEW

This court must find that the final decision of the defendant was supported by substantial evidence and that the denial of benefits was free of legal error. *Brawner v. Secretary of Health and Human Services,* 839 F.2d 432, 433 (9th Cir.1988). Substantial evidence means "more than a mere scintilla," but "less than a preponderance," and is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971).

Additionally, this court must consider the administrative record "as a whole, weighing evidence that undermines as well as evidence that supports the Secretary's decision." *Baxter v. Sullivan,* 923 F.2d 1391, 1394 (9th Cir.1991).

### DISCUSSION

Plaintiff moves for summary judgment and an order awarding benefits, asserting that the undisputed medical facts demonstrate that she is "disabled" within the meaning of the Act, and that she is unable to perform any form of sedentary work. Defendant contends that plaintiff is able to perform sedentary work based upon an analysis of his own medical advisor's findings, and that plaintiff should be denied benefits.

### I. *UNCONTRADICTED MEDICAL TESTIMONY*

Plaintiff stopped working in September of 1986 as a result of severe back pain and subsequently sought the care of a physician. After numerous medical examinations, plaintiff's doctor, Dr. John L. Zeller, diagnosed

lower back pain as a result of a degenerative disc and joint disease.

Defendant contends that the medical testimony of Dr. Zeller is to be given little evidentiary weight because he is not board certified. Nevertheless, defendant's own medical advisor, Dr. Louis Lesko (who is board certified), concurred in finding that plaintiff suffered from chronic degenerative disc disease.

■ Although defendant is not bound by the medical opinions of plaintiff's doctor on a specific issue, competent and uncontradicted medical opinions cannot be rejected without "clear and convincing reasons." *Coats v. Heckler*, 733 F.2d 1338 (9th Cir.1984). Defendant has provided no clear and convincing reasons why the medical findings of plaintiff's treating physician should be ignored, especially when those findings are corroborated by defendant's physician.

## II. *DEFENDANT'S FINAL ORDER DENYING BENEFITS IS NOT SUPPORTED BY SUBSTANTIAL EVIDENCE NOR FREE FROM LEGAL ERROR*

■ In denying plaintiff benefits, defendant relied upon the findings of his medical advisor, Dr. Lesko, who testified that plaintiff could function in a "sedentary" work environment (Appellate Record, "AR," at 325). However, Dr. Lesko's definition of sedentary work included the qualification that "sedentary" work, as applied to plaintiff, means "changing, you know, seated, standing, moving around some." (AR 325). This definition of sedentary work is inconsistent with Ninth Circuit law.

Individuals working in a "sedentary" work environment who "must alternate periods of sitting and standing" are "functionally not capable of doing ... the prolonged sitting contemplated in the definition of sedentary work." *Gallant v. Heckler*, 753 F.2d 1450, 1457 (9th Cir.1984). Plaintiff has testified that she is unable to perform sedentary work without experiencing severe pain and without alternating periods of standing and sitting (AR 303–305). Defendant's own medical

findings corroborate plaintiff's testimony. Thus, the undisputed evidence establishes that plaintiff is unable to sit for prolonged periods of time. Accordingly, under *Gallant*,[1] plaintiff is not capable of performing a full range of sedentary work, including her former job as an envelope stuffer which required constant sitting.

It is the finding of this court that defendant's decision that plaintiff is capable of performing sedentary work is based solely upon Dr. Lesko's erroneous definition of "sedentary." Accordingly, the court holds that defendant's decision is not supported by substantial evidence. Further, defendant's reliance upon this erroneous definition demonstrates that his ruling is not free from legal error, as it must be for this court to uphold it under *Brawner*. 839 F.2d at 433.

## III. *PLAINTIFF IS UNABLE TO PERFORM SUBSTANTIAL GAINFUL WORK*

■ Although disability claimants have the burden of proving disability, once they show that their impairment prevents them from doing their previous job, the burden of going forward with the evidence shifts to the Secretary, who must then show that the claimants can perform less demanding substantial gainful work, given their age, education, and work experience. *Gallant*, 753 F.2d at 1456.

■ In the instant case, plaintiff has met the burden of proving disability, as evidenced by her complaints of severe pain supported by the undisputed medical testimony. The defendant, on the other hand, has failed to meet the burden of establishing that plaintiff is able to perform substantial gainful work given her age, education, and work experience.

■ In his decision, the ALJ found that plaintiff could perform a full range of "sedentary work," and thus could return to her past work as an envelope stuffer within the confines of her home. (AR 289, Findings ## 7, 13). This finding is inconsistent with the undisputed medical findings, and with plain-

**1.** Curiously, defendants make no attempt to distinguish the holding of *Gallant*.

tiff's testimony that she is unable to perform any form of sedentary work, even while at home, without suffering severe pain. (AR 303–313).

Title 20 C.F.R. § 404.1567(a), defines the full range of "sedentary" work as involving the ability to lift up to 10 pounds occasionally. In addition, an individual performing sedentary work must be capable of sitting for prolonged periods of time without the necessity of frequently alternating between a sitting and standing position. *Gallant*, 753 F.2d at 1454.

In her prior work as an envelope stuffer, plaintiff was required to frequently lift trays weighing up to 31 pounds (AR 303). The medical findings in the record demonstrate that Ms. Fraga is now incapable of lifting up to 31 pounds frequently, and must alternate periods of standing and sitting.[2] Thus, defendant's conclusion that plaintiff is able to perform a "full range" of sedentary work is unsupported by substantial evidence.

## CONCLUSION

In accordance with the foregoing discussion, this court holds that defendant's decision that plaintiff is not disabled is not supported by substantial evidence and is not free of legal error.

It is within the discretion of this court to order the immediate payment of benefits where the agency decision is clearly unsupported by substantial evidence and no legitimate reasons are advanced for a rejection of medical opinions. *Sprague v. Bowen*, 812 F.2d 1226, 1232 (9th Cir.1987). Because we find substantial evidence supporting that plaintiff is disabled within the meaning of the Act, we see no need to remand the case to the ALJ for further proceedings, and hereby order the award of disability benefits to the plaintiff.

ORDER

Accordingly, IT IS HEREBY ORDERED that:

1. The final decision of the Secretary of Health and Human Services is REVERSED;

2. Plaintiff's motion for summary judgment is GRANTED.

3. Defendant's cross-motion for summary judgment is DENIED.

---

2. Defendant attempts to argue that because plaintiff works in the home, she is able to get and move around as she pleases, thus enabling her to perform sedentary labor. This argument is misleading because it is context-specific, and fails to acknowledge that the definition of sedentary

work as applied in the national economy does not focus on where the work is performed, but rather upon whether the work being performed fits the definition of sedentary. *Delgado v. Heckler*, 722 F.2d 570, 574 (9th Cir.1983).