19 F.3d 29
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Zoua THAO, Plaintiff-Appellant,
v.
DEPARTMENT OF HEALTH & HUMAN SERVICES, Defendant-Appellee.
 No. 93-16512.
 United States Court of Appeals, Ninth Circuit.
 Submitted Feb. 22, 1994.*
Decided Feb. 25, 1994.
 
 Before: SCHROEDER, CANBY and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Zoua Thao appeals the district court's order granting summary judgment in favor of the Secretary of Health and Human Services (Secretary) in her action for supplemental security income benefits based on disability under Title XVI of the Social Security Act, 42 U.S.C. Sec. 1382c(a)(3). Thao contends the district court erred by granting summary judgment because the Secretary's decision denying her benefits was not supported by substantial evidence and resulted from an incorrect application of law. We have jurisdiction under 28 U.S.C. Sec. 1291 and affirm.
 
 
 3
 We review de novo the district court's grant of summary judgment. Droin v. Sullivan, 966 F.2d 1255, 1257 (9th Cir.1992). The Secretary's decision adopting an Administrative Law Judge's (ALJ) denial of benefits will stand so long as the ALJ's findings are supported by substantial evidence and the ALJ applied the correct legal standards. Id. Where the record supports the Secretary's decision but contrary evidence exists, this court will not substitute its judgment for that of the ALJ. Key v. Heckler, 754 F.2d 1545, 1549 (9th Cir.1989).
 
 
 4
 Thao, who was born March 6, 1958, has no formal education, cannot communicate in English, and has no past relevant work experience. The ALJ found that Thao suffers from paralysis of her right arm and pain and numbness in her right leg, probably due to childhood damage to her brain resulting from an infection. Thao previously applied for disability benefits in 1985 and 1988. Decisions denying these applications were issued in 1986 and 1988, respectively. No appeals were taken from those decisions.
 
 
 5
 Once these prior determinations that Thao was not disabled became final, a presumption that she was not disabled attached to subsequent applications. See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir.1989); Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir.1988). Because of this presumption, Thao has the burden of proving "changed circumstances" which would justify a current finding of disability. See Hammock, 879 F.2d at 501; Brawner, 839 F.2d at 433. Neither the ALJ nor the district court concluded that Thao had met this burden.
 
 
 6
 Thao's evidence of "changed circumstances" consisted of her testimony that she was currently experiencing pain and numbness in her right leg, that this had begun approximately two years previously, and that the condition of her right leg had deteriorated during the previous two years. The ALJ rejected this testimony as not credible. "We give great weight to an ALJ's credibility assessment," Brawner, 839 F.2d at 433, and see no reason to reject the ALJ's conclusion in the instant case. Where, as here, "the claimant produces objective medical evidence of an underlying impairment, an adjudicator may not reject a claimant's subjective complaints based solely on a lack of objective medical evidence to fully corroborate the alleged severity of pain." See Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991). Here, however, not only were there no medical reports corroborating Thao's testimony regarding alleged pain and numbness in her right leg, but also Thao never sought treatment for the alleged worsening pain she was experiencing. Furthermore, the ALJ found "vague and uncertain" Thao's testimony as to the condition of her right leg.
 
 
 7
 Accordingly, we hold that there was substantial evidence to support the Secretary's finding that Thao failed to meet her burden of proving "changed circumstances" in her condition since the time of her last denial of disability benefits. See Brawner, 839 F.2d at 434.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3