26 F.3d 132
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Vartan SARKISIAN, Plaintiff-Appellant,
v.
Donna E. SHALALA, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 93-55090.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 10, 1994.*
Decided June 14, 1994.
 
 Before: D.W. NELSON, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Vartan Sarkisian appeals the district court's order granting summary judgment in favor of the Secretary of Health and Human Services ("Secretary") and denying him Supplemental Security Income ("SSI") benefits. He argues that substantial evidence does not support the Secretary's finding that he is not disabled because he is capable of doing past relevant work. We have jurisdiction pursuant to 28 U.S.C. Sec. 1291 and we affirm.
 
 
 3
 * We review independently the district court's summary judgment order. Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989). We will reverse the Secretary's decision to deny benefits "only if it is not supported by substantial evidence or it is based on legal error." Id. (quotations omitted). Substantial evidence is "more than a mere scintilla, but less than a preponderance." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992) (quotations and citations omitted). It is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Magallanes, 881 F.2d at 750 (internal quotations omitted).
 
 
 4
 To qualify for SSI benefits, a claimant must be eligible under the Social Security Act, 42 U.S.C. Sec. 301. A claimant is eligible if he can show that he has a medically determinable physical or mental impairment that can be expected to last for a continuous period of not less than 12 months and that his impairment precludes performance of work previously done. 42 U.S.C. Sec. 1382c(a)(3); see 20 C.F.R. Sec. 416.905.
 
 
 5
 Appellant argues that substantial evidence does not support the conclusion of the administrative law judge ("ALJ") that he is able to perform regular previous employment. He argues that the reports of his physician, Dr. Gevorkian,[1] and of the Secretary's board certified specialist, Dr. Schatz, are uncontradicted in proving his physical disability, and that the reports of five mental health experts conclusively prove his mental disability. He contends that the ALJ did not give sufficient specific, legitimate reasons for rejecting this evidence and concluding that appellant is not disabled.
 
 
 6
 In evaluating the evidence, we look at the record as a whole and weigh both the evidence that supports and detracts from the ALJ's conclusion. Matney, 981 F.2d at 1019. The evidence supports appellant's contentions that he has limited use of his left hand and arm due to a gunshot wound suffered in 1955, and that he suffers pain and depression. The evidence also supports, however, the ALJ's conclusion that appellant's injuries and mental impairments are not disabling. Appellant is right handed and has full use of his right hand and arm. He was successfully and continually employed during the years following his shotgun wound, both in his homeland Soviet Armenia and in the United States after his arrival in 1979. There was no evidence that his injury worsened over time. Additionally, appellant successfully performed manual labor repairing sewing machines in prison immediately prior to his application for SSI benefits. The evidence therefore indicated that he could physically perform the same employment duties he had prior to his imprisonment.
 
 
 7
 Psychiatric evaluations contained in the record state that appellant is depressed and nervous, and exhibits antisocial traits. They contain few objective findings, however, that support appellant's claims of mental disability. Additionally, the ALJ found that appellant's lack of credibility undermined the psychological evaluations. The ALJ also presented appellant's impairments to a vocational expert, who concluded that appellant is "capable of working in a structured setting without contact with others," which is consistent with his past relevant employment.[2]
 
 
 8
 We give great weight to the ALJ's credibility assessment. Brawner v. Secretary of Health and Human Serv., 839 F.2d 432, 433 (9th Cir.1988). When an ALJ's decision rests on a negative credibility evaluation, however, "the ALJ must make findings on the record and must support those findings by pointing to substantial evidence on the record." Ceguerra v. Secretary of Health and Human Serv., 933 F.2d 735, 738 (9th Cir.1991). The ALJ pointed to several aspects of appellant's testimony and to his statements to physicians that are contradictory and that undermine his credibility.[3] She also provided specific and legitimate reasons for rejecting appellant's claims of physical and mental disability. Substantial evidence supports her findings.
 
 II
 
 9
 Only two of appellant's remaining arguments require separate analysis from that set forth above.
 
 
 10
 Appellant argues that the ALJ violated his due process rights by not confronting him with the discrepancies and inconsistencies in his testimony and medical reports. Appellant cites nothing to support this argument. Moreover, the record reflects that appellant received a full and fair hearing.
 
 
 11
 Appellant also contends that the ALJ failed to apply the proper legal standards for determining whether he was eligible for benefits. He argues that the ALJ did not follow the Secretary's guidelines set forth in 20 C.F.R. Pt. 404, Subpt. P, App. 2, Sec. 201.00(h) and 20 C.F.R. Sec. 416. This argument is without merit. The ALJ satisfied the requirements of the Social Security Act and the regulations in the body of her decision. We hold that she applied the proper legal standards.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or used by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Appellant identifies Dr. Gevorkian as his "treating physician." The government correctly points out, however, that the record reveals that appellant visited Dr. Gevorkian only twice, that he did not receive "treatment" from him, and that the physician was not "employed to cure" appellant. Murray v. Heckler, 722 F.2d 499, 501-02 (9th Cir.1983)
 
 
 [2]
 Appellant argues that the ALJ ignored the vocational expert's testimony that appellant would be unable to perform his previous work if he had all the physical and mental restrictions described in a hypothetical by appellant's attorney. This argument lacks merit because appellant failed to establish that he has the characteristics of the person described in his counsel's hypothetical
 
 
 [3]
 For instance, appellant gave three different accounts of the 1955 gunshot wound, claiming either that he shot himself, that he was shot by accident, or that he was shot by a soldier in Armenia. In addition, the evaluating physicians' reports indicate that appellant contradicted himself on whether he suffered from hallucinations and on whether he had experienced psychiatric hospitalizations. The ALJ explained in detail these contradictions and their effect on her credibility determination