78 F.3d 591
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ted T. ABKEN, Plaintiff-Appellant,
v.
Shirley S. CHATER, SHHS, Defendant-Appellee.
 No. 94-36043.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 4, 1995.
Decided Feb. 23, 1996.
 
 Before: FLETCHER, KOZINSKI and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 1. Abken claims that the ALJ improperly relied on the Medical-Vocational Guidelines to determine disability. "Because this issue was not raised below, we decline to hear it for the first time on appeal." Matney v. Sullivan, 981 F.2d 1016, 1019 (9th Cir.1992).
 
 
 3
 2. The ALJ's reliance on the testimony of the vocational expert was otherwise proper. Contrary to Abken's assertion, the vocational expert did testify that Abken could do the work of a cashier. RT 488. Whether he could perform that job given the SVP rating was not raised in the district court and we decline to consider it here. Matney, 981 F.2d at 1019.
 
 
 4
 3. The ALJ's determination of Abken's residual functional capacity was supported by substantial evidence, including Dr. Richardson's statement that Abken could lift up to 25 pounds, RT 245; Dr. Hongladarom's finding of no physical reason for Abken's disability, RT 156; Gordon Oakes' finding that Abken could perform most physical tasks with a sit/stand option, RT 372; and Drs. Sawyer's and Reif's opinion that Abken had no specific physical restrictions, RT 195. The hypothetical provided to the vocational expert was therefore proper.
 
 
 5
 4. The ALJ properly considered the testimony of Abken's treating physician, Dr. Richardson. She merely declined to rely upon the part of Dr. Richardson's evaluation concerning vocational rehabilitation, which was outside of his expertise, see Sanchez v. Secretary of Health and Human Servs., 812 F.2d 509, 511 (9th Cir.1987), and the part based upon Abken's subjective complaints, which the ALJ found to be unreliable, see Brawner v. Secretary of Health and Human Servs., 839 F.2d 432, 434 (9th Cir.1988).
 
 
 6
 5. The ALJ properly evaluated the lay testimony. She disbelieved the testimony of Abken and his mother only after making findings that specific portions of their testimony did not comport with the objective evidence. See 20 C.F.R. § 404.1529; 20 C.F.R. § 416.929; Dodrill v. Shalala, 12 F.3d 915, 918-919 (9th Cir.1993). Contrary to Abken's assertion, the ALJ did credit the testimony of Abken's father.
 
 
 7
 AFFIRMED.
 
 FLETCHER, Circuit Judge, concurring:
 
 8
 I concur in the result. The Appeal Council remanded for fact-finding as to the claimant's mental and psychological condition and as to what jobs, if any, were available to a person with his limitations. We should affirm the ALJ's conclusion that Abken was not disabled.
 
 
 9
 The ALJ's finding that Abken suffered no mental or psychological disabilities, other than moderate limits on his ability to concentrate as a result of pain and depression, was supported by substantial evidence. The ALJ credited the testimony of Abken's father. There was testimony that Abken discharged child care and household responsibilities, went on hunting and fishing trips and had close relations with friends and family. All of this supported the ALJ's finding. The ALJ set forth specific, adequate reasons for disregarding the reports of Dr. Maxwell and Ms. Dunn to the contrary.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3