103 F.3d 139
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert McCULLEY, Plaintiff-Appellant,
v.
Shirley S. CHATER, Commissioner of the Social Security
Administration, Defendant-Appellee.
 No. 95-16166.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 7, 1996.*
Decided Nov. 20, 1996.
 
 Before: HUG, Chief Judge, REAVLEY** and LEAVY, Circuit Judges.
 
 
 1
 MEMORANDUM***
 
 
 2
 Robert McCulley appeals the summary judgment of the district court denying him disability benefits prior to May 4, 1993. The district court agreed with the finding of the Administrative Law Judge (ALJ) that the medical reports of examinations that began in late 1989, when he stopped working, contained no evidence of disability prior to May 4, 1993, the date of his diagnosis.
 
 
 3
 We review de novo a grant of summary judgment. Miller v. Heckler, 770 F.2d 845 (9th Cir.1985). Reversing a denial of benefits requires finding that the ALJ's decision was "not supported by substantial evidence or [that] it is based on legal error." Magallanes v. Bowen, 881 F.2d 747, 750 (9th Cir.1989) quoting Brawner v. Secretary of Health and Human Services, 839 F.2d 432, 433 (9th Cir.1986) quoting Green v. Heckler, 803 F.2d 528, 529 (9th Cir.).
 
 
 4
 McCulley stopped working as an electrician in October, 1989 after experiencing impaired vision and dizziness, and was initially denied disability benefits by the Social Security Administration. At claimant's hearing before the ALJ in March 1993, a medical expert reviewed his medical reports from 1989 to 1991, and found that none of the reports was conclusive as to the onset of disabling symptoms. McCulley's primary physician reported in 1991 and 1992 that claimant was fatigued and suffered from a cataract that was nonetheless not disabling. A neurosurgeon who examined claimant in 1991 concluded that he could return to non-physical work as an electrician, and an opthalmologist in 1992 reported that his cataract was "not disabling." At the hearing, a vocational expert testified that during the period of these reports claimant was capable of light work. The ALJ sent claimant to a neurologist who specifically tested for disabling levels of weakness, and reported reduced grip strength levels. The court determined that McCulley was disabled as of the date of the report, but that he had retained the functional capacity to perform light work prior to that date.
 
 
 5
 On appeal, McCulley contends that the court erred in finding him disabled as of the date of diagnosis and not the date of onset, as this constitutes inferring a date of onset "in favor of the government without the expertise required by [Social Security regulations]," which was cause for a partial remand in Morgan v. Sullivan, 945 F.2d 1079 (9th Cir.1991). The circumstances of McCulley's alleged disability, however, were reviewed by a medical advisor, and further supplemented with a conclusive diagnosis at the request of the ALJ.
 
 
 6
 McCulley has not met his burden of presenting substantial and objective evidence to support his claim of total disability prior to the diagnosis dated May 4, 1993. The ALJ correctly relied on the testimony of both medical and vocational experts that claimant had retained residual functional capacity for light work after he stopped working in 1989.
 
 
 7
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 Honorable Thomas M. Reavley, Senior United States Circuit Judge for the United States Court of Appeals, Fifth Circuit, sitting by designation
 
 
 ***
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 95th Cir.R. 36-3