**Ugo MELLONI, Plaintiff—Appellant,**

v.

**Larry G. MASSANARI, Defendant—Appellee.**

No. 02–17168.

D.C. No. CV–01–01076–VRW.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 13, 2004.

Decided May 19, 2004.

** The Honorable Eugene E. Siler, Jr., Senior United States Circuit Judge for the Sixth Circuit, sitting by designation.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

Crisostomo G. Ibarra, Esq., San Francisco, CA, for Plaintiff–Appellant.

Lorna Li, Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

Before ALARCÓN, BEEZER, and W. FLETCHER, Circuit Judges.

## MEMORANDUM *

Ugo Melloni appeals from the district court's grant of summary judgment in favor of the Commissioner of the Social Security Administration. We affirm because the Administrative Law Judge's ("ALJ") decision was free of legal error and rested upon substantial evidence.

### I

Mr. Melloni contends that he became disabled and unable to work in 1991 due to progressively worsening symptoms that stemmed from a 1972 left cerebral subdur-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

al and epidural hemorrhage and subsequent brain surgery. Alleged symptoms include vomiting, vertigo, headaches, and reading difficulties. Mr. Melloni first applied for a period of disability and benefits on July 5, 1994 under Title II of the Social Security Act ("the Act"). In order to qualify for Title II benefits, Mr. Melloni must show that he became disabled, as defined by the Act, before the date on which his insured status expired, December 31, 1991. *See Flaten v. Sec'y of Health & Human Services*, 44 F.3d 1453, 1458 (9th Cir.1995).

## II

■ Mr. Melloni contends that the ALJ committed legal error by failing to give specific and legitimate reasons supported by substantial record evidence for rejecting the opinion of his treating physician, Dr. Barrantes. A treating physician's opinion on the nature and severity of an impairment will be given controlling weight if it is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in [the] case record." 20 C.F.R. § 416.927(d)(2). If a treating physician's opinion is in conflict with the opinion of a non-treating, non-examining physician who lacks independent clinical findings, " 'the opinion of the treating physician may be rejected only if the ALJ gives specific, legitimate reasons ... based on substantial evidence in the record.' " *Jamerson v. Chater*, 112 F.3d 1064, 1066 (9th Cir.1997) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995)). This burden may be met by setting out a detailed and thorough summary of the facts and conflicting evidence, stating an interpretation thereof, and making findings. *Cotton v. Bowen*, 799 F.2d 1403, 1408 (9th Cir.1986).

Here, Dr. Barrantes's opinion is not controlling because it is not supported by a relevant diagnosis, let alone medically acceptable diagnostic techniques. The ALJ properly discounted Dr. Barrantes's opinion based on the length, nature, and extent of the treating relationship, the lack of contemporaneous clinical evidence, and his lack of specialization. *See* 20 C.F.R. § 404.1527(d).

The ALJ discounted Dr. Barrantes's opinion because he did not treat Mr. Melloni for either his brain surgeries or his postoperative care. The ALJ also found that Dr. Barrantes's credibility was undermined by his January 30, 1999 letter, which the ALJ noted "clearly indicates the doctor is acting as an advocate for his patient." Based upon the contents of the letter, the ALJ concluded that Dr. Barrantes's "opinion is based on what claimant has recited to him, and his desire to help his 59 year old anxious patient." The ALJ also relied upon the lack of any physicians' reports or examinations during 1991 other than for minimal treatment of Mr. Melloni's hypertension.

The ALJ also pointed to the paucity of evidence that an organic medical or neurologic disorder existed on or prior to December 31, 1991, that would preclude performance of all substantial gainful activity during the insured period. The ALJ noted gaps in the dates upon which Mr. Melloni received treatment from Dr. Barrantes, emphasizing that "the only evidence pertaining to the period in question ... is a report dated October 9, 1991, from [Dr. Solis], and reports of prescriptions for hypertension and gastric disorders prescribed by [Dr. Barrantes]."

Although the opinion of a non-examining physician cannot by itself constitute substantial evidence to justify the rejection of a treating physician's opinion, the ALJ's well-considered analysis of the record evidence in this case is sufficient to overcome the presumption in favor of a treating physician. *See Morgan v. Comm'r of So-*

cial Security Admin., 169 F.3d 595, 602–03 (9th Cir.1999). We are persuaded that the ALJ provided specific, legitimate reasons for rejecting Dr. Barrantes's opinion.

## III

■ Mr. Melloni asserts that, under Smolen v. Chater, 80 F.3d 1273, 1281–85 (9th Cir.1996), the ALJ improperly discounted his subjective symptom testimony. Although the degree of pain or the severity of other alleged symptoms need not be the inevitable result of an objective medical impairment, it must be associated with an impairment that could give rise to the symptoms. See Cotton, 799 F.2d at 1407; 20 C.F.R. § 404.1529(a). Social Security regulations require a disability claimant to present medical findings establishing an impairment. Bunnell v. Sullivan, 947 F.2d 341, 345 (9th Cir.1991). In addition to such descriptive testimony as is available, there must be "medical signs and laboratory findings" demonstrating a medical impairment that reasonably could produce the pain or other symptoms, thereby leading to a conclusion that the individual is disabled. 20 C.F.R. § 404.1529(a).

An ALJ may disregard excess-pain testimony entirely when there is a failure to submit objective medical findings establishing a medical impairment that could produce the pain or other symptoms described. Cotton, 799 F.2d at 1407. The presence of an unexplained or inadequately explained failure to seek medical treatment may cast doubt on the sincerity of the pain testimony. Fair v. Bowen, 885 F.2d 597, 603 (9th Cir.1989). A claimant's actions or failure to act may undermine his or her credibility with regard to excess-pain testimony or the timing of a disability. Brawner v. Sec'y of Health & Human Services, 839 F.2d 432, 433–34 (9th Cir. 1988).

The ALJ emphasized the dearth of objective medical evidence for the relevant October to December period in 1991. The ALJ expressed concern that for that same period of time there was "no evidence that Mr. Melloni required or sought help for any serious condition, no documented medical evidence of problems and no medical explanations ... nothing but [Mr. Melloni's] assertions of symptoms." (emphasis added). The ALJ properly disregarded Mr. Melloni's testimony because 42 U.S.C. § 423(d)(5)(A) requires more proof than a bald assertion of pain or other symptoms: "[a]n individual shall not be considered to be under a disability unless he or she furnishes ... medical and other evidence." The ALJ did not err by discounting Mr. Melloni's symptom testimony.

## IV

■ Mr. Melloni contends that the ALJ's decision was not supported by substantial evidence. Under 42 U.S.C. § 405(g), "the findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." Where there is "little in the way of clinical findings" to support a medical opinion, it may be rejected. Magallanes v. Bowen, 881 F.2d 747, 751 (9th Cir.1989). Although the opinion of a non-examining physician cannot by itself constitute substantial evidence that justifies the rejection of the treating physician's opinion, the ALJ pointed to specific and legitimate reasons in addition to the opinion of the non-examining medical advisor to support his rejection of Dr. Barrantes's opinion. Those reasons were supported by substantial record evidence. See Morgan, 169 F.3d at 602–03.

A claimant may not receive disability benefits for a recurrence of a disability unless he or she can establish that the current period of disability began on or prior to the expiration of his or her insured status. Flaten, 44 F.3d at 1458. Moreover, a claimant may not recover dis-

ability benefits for a subsequent period of disability if he or she is unable to demonstrate that the disability existed prior to the end of the insured status. *Id.* This rule applies even if the disability is merely a recurrence of the same disability that the claimant suffered during a time when he or she was eligible for disability benefits. *Id.*

Mr. Melloni was required to demonstrate that he was disabled at the relevant time. *Cotton,* 799 F.2d at 1405. He failed to establish that a severe physical or mental impairment significantly limited his ability to perform basic work prior to the expiration of benefits on December 31, 1991. The ALJ's factual findings were based upon "such relevant evidence as a reasonable mind might accept as adequate." *Mayes v. Massanari,* 276 F.3d 453, 459 (9th Cir.2001). His decision therefore rested on substantial evidence.

**AFFIRMED.**