Carol BLAU, Plaintiff—Appellant,

v.

Michael J. ASTRUE,* Commissioner Social Security Administration, Defendant—Appellee.

No. 05–35891.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2007.**

Filed Jan. 17, 2008.

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhart as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Alan Stuart Graf, Esq., Summertown, TN, for Plaintiff–Appellant.

*** Honorable Judith M. Barzilay, Judge, United States Court of International Trade, sitting by designation.

Before: FISHER and BERZON, Circuit Judges, and BARZILAY, Judge.***

MEMORANDUM ****

Carol Blau ("Blau") appeals from the district court's order affirming the Administrative Law Judge's ("ALJ") denial of disability insurance benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we reverse and remand for further proceedings.

In concluding that Blau was not entitled to disability benefits, the ALJ found that Blau's self-reported symptoms of fatigue, body-aches, and impaired memory were inconsistent with her daily activities and the medical evidence of record, and therefore discredited much of her testimony. In addition, the ALJ rejected Blau's doctors' diagnoses of chronic fatigue syndrome ("CFS") and fibromyalgia and excluded both of these ailments from his step-five disability analysis.

## 1. Blau's Credibility

The ALJ rejected Blau's testimony with regard to CFS because Blau testified that she was able to carry out certain daily activities and other endeavors. Specifically, the ALJ concluded that Blau's subjective symptoms of fatigue, diffuse pain, confusion, and loss of memory were contradicted by the fact that she "still drives, pays bills, does taxes, does shopping, laundry and was able to successfully complete schooling in real estate." The ALJ also suggested that Blau's participation in a recreational row boat outing represented additional evidence that she exaggerated the severity of her symptoms. After reviewing these supposed inconsistencies,

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

the ALJ held that Blau's testimony was "generally credible," though only in reference to her severe impairments of mood disorder and osteoarthropathy. The ALJ rejected her subjective symptoms pertaining to CFS.

█ Because Blau had a diagnosis of CFS and fibromyalgia and there was no evidence of malingering, the ALJ could reject her testimony "about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so." *Smolen v. Chater*, 80 F.3d 1273, 1281 (9th Cir.1996) (citation omitted). The activities the ALJ relied upon to discredit Blau are generally considered consistent with the sporadic nature of CFS. *See Benecke v. Barnhart*, 379 F.3d 587, 593–94 (9th Cir. 2004); *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir.1998). Further, none of Blau's daily activities consume a substantial part of her day or require extended periods of concentration. *See Vertigan v. Halter*, 260 F.3d 1044, 1049–50 (9th Cir. 2001). Daily household chores and grocery shopping are not activities that are easily transferable to a work environment, "where it might be impossible to periodically rest or take medication." *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir.1989). That Blau was able to obtain a real estate license is also consistent with CFS, as other cases have held that attending classes does not suggest the claimant is capable of sustaining substantial gainful employment in the national economy. *Cf. Cohen v. Sec'y of Dep't of Health and Human Serv.*, 964 F.2d 524, 530–31 (6th Cir.1992). As the rowboat event was an isolated incident and did not reveal a heightened level of vitality, it carries no weight as evidence of inconsistent behavior. Blau cannot be penalized for trying to overcome the debilitating effects of her

ailments. Indeed, "[t]his court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities ... does not in any way detract from her credibility as to her overall disability. One does not need to be utterly incapacitated in order to be disabled." *Benecke*, 379 F.3d at 594 (quotations & citations omitted). Accordingly, Blau's daily activities are not so inconsistent with the alleged severity of her self-reported symptoms as to cast doubt on her credibility.

### 2. Medical Evidence

█ The ALJ rejected Dr. Bartley's diagnosis of CFS because he found that it occurred after Blau's date last insured ("DLI") and because it was not based on "objective evidence," but rather on Blau's "subjective complaints." The ALJ stated that "Dr. Bartley's own records reflect the claimant's impairment of Chronic Fatigue Syndrome (CFS) was not diagnosed until July 22, 2002[sic], some 7 months after her date-last-insured."[1] Although the ALJ cited the diagnosis contained in the July 15, 2002 report as representing the first definitive diagnosis of CFS, Dr. Bartley had previously diagnosed Blau with CFS, in the same manner as the later diagnosis, during two separate medical assessments dated July 17, 2001 and November 1, 2001. Thus, Dr. Bartley formally diagnosed Blau with CFS before her DLI. Moreover, because Blau's testimony, as discussed above, was credible, that Dr. Bartley's diagnosis was based on Blau's subjective complaints is not a basis for rejecting the CFS diagnosis. *See Brawner v. Sec. of Health and Human Serv.*, 839 F.2d 432, 433–34 (9th Cir.1988).

█ With regard to fibromylagia, the ALJ rejected Dr. Schoepflin's diagnosis as

---

**1.** The ALJ states this appointment occurred on July 22, 2002; however the exhibit to which he referred is the record of a July 15, 2002 appointment with Dr. Bartley.

not based on objective findings. Dr. Schoepflin expressly listed fibromylagia within his diagnostic impression after his medical assessment of Blau revealed a history of body-aches and his objective examination identified 15 "tender points," which collectively constitute the only evidence that exists for a fibromylagia diagnosis, as determined by the American College of Rheumatology. Moreover, within the specific context of fibromylagia, we have previously held that "the ALJ erred in discounting the opinions of [the claimant's] treating physicians, . . . by effectively requir[ing] 'objective' evidence for a disease that eludes such measurement." *Benecke,* 379 F.3d at 594 (citation omitted). As Dr. Schoepflin's diagnosis of fibromyalgia was sufficiently based on objective medical findings of tender points and Blau's credible self-reporting of her symptoms, substantial evidence does not support the ALJ's rejection of his medical opinion.

\*     \*     \*

We therefore conclude that Drs. Bartley and Schoepflin issued formal diagnoses of CFS and fibromylagia before December 31, 2001, the date on which Blau's eligibility for benefits expired, and that the ALJ's rejection of these diagnoses was not supported by substantial evidence. Moreover, Blau's testimony must be credited as true as there is no evidence of malingering and her activities are consistent with CFS and fibromyalgia. Accordingly, we reverse and remand with instructions that the ALJ credit Blau's testimony and include both fibromylagia and CFS in a new step-five analysis.

**REVERSED AND REMANDED.**