Roy L. NELSON, Plaintiff–Appellant,

v.

Michael J. ASTRUE, Commissioner of Social Security, Defendant–Appellee.

No. 07–35412.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 21, 2008.*

Filed Oct. 27, 2008.

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Eitan Kassel Yanich, Esq., Olympia, WA, for Plaintiff–Appellant.

Nancy A. Mishalanie, Esq., Social Security Administration, Office of the General Counsel, Brian C. Kipnis, Esq., Office of the U.S. Attorney, Seattle, WA, for Defendant–Appellee.

Before: O'SCANNLAIN, RYMER, and KLEINFELD, Circuit Judges.

MEMORANDUM **

Roy Nelson's application for Supplemental Security Income benefits under Title XVI of the Social Security Act was denied at all levels of the administrative process and by the district court. We affirm the denial.

■ In evaluating the medical evidence, the ALJ was not required to discuss every treatment note. *Vincent v. Heckler*, 739 F.2d 1393, 1394–95 (9th Cir.1984). The ALJ's summary of the medical opinions contained enough detail to permit appellate review. *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir.2008). It was reasonable for the ALJ to give greater weight to the opinions of Dr. Carpenter and Dr. Afaq, the treating physicians who had the most longstanding treatment relationship with Nelson and who based their opinions on clinical evidence. 20 C.F.R.

§ 416.927 (2008); *see Tonapetyan v. Halter*, 242 F.3d 1144, 1149 (9th Cir.2001).

■ The ALJ did not have a duty to order a psychological consultative exam, since Nelson never argued that he had a learning disability or memory problem, nor offered medical evidence of such impairments. The record did not require further development because the questions asked by the ALJ were sufficient to explore any ambiguities in Nelson's testimony. *Tonapetyan*, 242 F.3d at 1150; *see* 20 C.F.R. § 416.920, .920a (2008).

■ The ALJ gave clear and convincing reasons for rejecting Nelson's testimony regarding his pain and resulting limitations. It was reasonable for the ALJ to conclude that Nelson's pain testimony overstated the actual pain, because the observations by medical personnel and Nelson's activities were inconsistent with his quantification of his pain. *Gallant v. Heckler*, 753 F.2d 1450, 1455–56 (9th Cir.1984). The significant inconsistencies between Nelson's testimony and the laboratory reports, medical opinions, and Nelson's daily activities questionnaire constituted substantial evidence. *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ's assessment of Nelson's residual functional capacity was also supported by substantial evidence. It was proper to give less weight to the portions of Nelson's testimony the ALJ found not credible. Soc. Sec. Ruling 96–7p; *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th Cir.2005); *see also Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 433–34 (9th Cir.1988). The ALJ did not err in adopting the report of the Disability Determination Services (DDS) staff physicians, which

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

was corroborated by Dr. Carpenter's treatment notes and the daily activities questionnaire. Soc. Sec. Ruling 96–5p; Soc. Sec. Ruling 96–8p.

■ The ALJ properly relied on the vocational expert's testimony because the corresponding hypothetical included all of Nelson's limitations. *Magallanes v. Bowen,* 881 F.2d 747, 756 (9th Cir.1989). These limitations were supported by substantial evidence, including the report by the DDS staff physicians and the opinions of Nelson's treating physicians. The ALJ did not err by omitting limitations that the ALJ found not credible. *Bayliss,* 427 F.3d at 1216; *Brawner,* 839 F.2d at 434; *see also Fair v. Bowen,* 885 F.2d 597, 605 (9th Cir.1989).

**AFFIRMED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.