**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ROCHELLE N. KAWELO, | No.    16-16302 |
| Plaintiff-Appellant, | D.C. No. 1:15-cv-00223-DKW-KSC |
| v. | |
| NANCY A. BERRYHILL, Acting Commissioner Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Submitted May 3, 2018[**]
San Francisco, California

Before:  TROTT, SILVERMAN, and TALLMAN, Circuit Judges.

Rochelle Kawelo appeals the district court's affirmance of the

Commissioner of Social Security's denial of her application for disability

insurance benefits under Title II of the Social Security Act. We have jurisdiction

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291 and 42 U.S.C. § 405(g). We review de novo, *Attmore v. Colvin*, 827 F.3d 872, 875 (9th Cir. 2016), and we affirm.

I

Kawelo claims that the ALJ erred at Step Four of the familiar sequential process[1] by misidentifying her "past relevant work" ("PRW"). She claims that her past relevant work was solely as a customer service representative ("CSR") for a bank, and that anything else she did was part and parcel of that single composite job. Based primarily on her own testimony, however, the ALJ determined that she had the residual functional capacity ("RFC") to perform work as (1) a bookkeeper and (2) a loan officer, work which she had done for the bank.

Kawelo's own words reveal that she had distinctly performed both disputed jobs for her employer. When asked about her past work at the First Hawaiian Bank ("Bank"), she said,

> Oh, my gosh. I've been with the bank for 39 years, and I think I did it all, from bookkeeping, up to being a teller, up to being a CSR, and up to being a loan officer.

Substantial evidence in the record supports the ALJ's classification of her PRW as a loan officer, but not as a bookkeeper. Substantial evidence "is such

---

[1]    20 C.F.R. § 404.1520.

relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Sandgathe v. Chater*, 108 F.3d 978, 980 (9th Cir. 1997).

**A.**

The impediment to considering her bookkeeping work for the Bank as PRW stems from 20 C.F.R. § 404.1560(b)(1). That regulation defines "past relevant work" as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it. (See § 404.1565(a).)" In turn, 20 C.F.R. § 404.1565(a) says,

> We do not usually consider that work you did 15 years or more before the time we are deciding whether you are disabled . . . applies. A gradual change occurs in most jobs so that after 15 years it is no longer realistic to expect that skills and abilities acquired in a job done then continue to apply. The 15-year guide is intended to ensure that remote work experience is not currently applied.

Kawelo's work exclusively as a bookkeeper for the Bank began in 1969 and lasted for "a year or two at the most. It could have been longer. I'm not sure." The evidentiary record as to her *actual* bookkeeping work for the Bank after 1971—forty-seven years in the distant past—is utterly silent.

The Commissioner relies on three circumstances to overcome this problem: (1) her bookkeeper work at home for her husband after she retired between 2009

and 2011, (2) her failed post-retirement application for a bookkeeper position at a restaurant, and (3) the bookkeeping skills she acquired while working at the Bank, which the Commissioner argues presumptively remain viable almost fifty years later.

The Commissioner's first argument fails because, as the ALJ correctly said, "I'm not going to consider [her work at home as her husband's bookkeeper] as . . . any past work." The Commissioner's second argument fares no better. Kawelo's *failed* attempts to secure a job as a bookkeeper is not substantial evidence that she was capable of doing the work, quite possibly to the contrary. Finally, it strains credulity to believe that bookkeeping skills acquired in a pre-computer era qualify a person to perform that job decades later in a post-computer world. Unlike a skill like driving a motor vehicle, bookkeeping is a skill likely to be lost with the passage of the amount of time involved in this case. The transcript of Kawelo's hearing demonstrates that this issue was not adequately fleshed out.

**B.**

16-16302

As to Kawelo's work as a loan officer, however, the record is replete with reliable substantial relevant evidence from her testimony[2] that amply supports the ALJ's finding:

> Q [ALJ to Kawelo] Was there ever a circumstance when you did just the job of loan officer? It sounds like what you're saying is that you did, like, a combination of all these duties.
>
> A [Kawelo] Exactly. I did. As a loan --
>
> Q And --
>
> A -- officer, yes, there was a time where I could just be able to sit at my desk, take in loan applications, speak with the customers, and do what I needed to do for that loan. Yes.
>
> Q Now, how long did you do that, where that was all you did, which is loan officer job?
>
> A Well, it came with the job title. With the CSR, we -- you know, the bank -- like I said, the bank had changed, so being a CSR, we had to do both. We had to [do] loan applications, be a loan officer, as well as be a CSR and open bank accounts for customers. We had to do it all. It wasn't just --
>
> Q Was there --

---

[2]    *See Matthews v. Shalala*, 10 F.3d 678, 681 (9th Cir. 1993) (in determining a claimant's ability to perform specific jobs, a claimant's own testimony is "highly probative").

16-16302

> A -- specifically just a loan officer and a CSR. We had to do it -- it was part of my job to do it all.

Kawelo currently takes issue with the ALJ's and the Vocational Expert's ("VE") unchallenged classification of her work as a loan officer as separable PRW, arguing that acting as a loan officer was only part of her composite job as a CSR. We disagree. The Dictionary of Occupational Titles ("DOT") recognizes "loan officer" as belonging to a separate and distinct classification. DOT Code 241.367-018. Moreover, Kawelo's counsel did not direct any questions of his own to the VE on this issue or make any attempt to establish that Kawelo's Bank work she described as that of a "loan officer" did not correspond to the relevant DOT classification. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005) ("An ALJ may take administrative notice of any reliable job information, including information provided by a VE.").

Kawelo's attempt to characterize the ALJ's PRW loan officer finding as irreconcilable with our holding in *Valencia v. Heckler*, 751 F.2d 1082 (9th Cir. 1985), is unconvincing. As the district court properly concluded, *Valencia* is distinguishable. In *Valencia*, the ALJ based his PRW determination on a single function in an overall more taxing job. Here, Kawelo's performance as a loan officer was not merely a component part of her job as a CSR. Her past work at the

Bank encompassed "loan officer" as a separate identifiable occupation, not just a task as a CSR. In summary, here the ALJ did not classify Kawelo's PRW "according to the least demanding function of [her] past occupations." *Id.* at 1086.

**II**

Kawelo asserts that the ALJ improperly rejected consulting examiner Dr. Donovan's medical findings of mental limitations and instead gave undue weight to the opinion of Dr. Brode, a non-examining medical consultant who reviewed Kawelo's file. The district court dissected this issue in great detail and rejected Kawelo's argument as unsupported by the record. Without elaboration, we agree with the district court: The ALJ's reasons for giving Dr. Donovan's opinion "limited weight" were specific, legitimate, and supported by the evidentiary record. To quote the ALJ,

> I give Dr. Donovan's opinion limited weight. His assessment is based in large part on the claimant's subjective reporting which is not entirely supported by the record. For example, the claimant told Dr. Donovan she could not balance her checkbook at home or handle her financial affairs, but she failed to tell him that she had been managing the books for her husband's business. Further, her breadth of daily activity and lack of mental health treatment demonstrate that the claimant's mental impairment is nonsevere.

16-16302

Accordingly, we find no fault with the ALJ's ultimate determination of Kawelo's residual functional capacity ("RFC"), a capacity which was consistent with the demands of a position as a loan officer.

**Conclusion**

The ALJ did not err in determining that Kawelo performed the work of a loan officer for the Bank, work that was sufficient to make it her PRW. The ALJ's determination of her RFC was appropriate, as was her determination that Kawelo could do the work. The ALJ's error in determining that Kawelo's PRW included bookkeeping was harmless. *See Lind v. Astrue*, 370 F. App'x 814, 817 (9th Cir. 2010) ("Any error by the ALJ in considering jobs that did not qualify as past relevant work was harmless because the ALJ found that Lind could perform her past relevant work as a customer service representative, and the ability to perform one of her past jobs is sufficient to meet the standard."); *Brawner v. Sec'y of Health & Human Servs.*, 839 F.2d 432, 434 (9th Cir. 1988) (per curiam) (holding that ALJ's error in classifying past relevant work as "light" was inconsequential

where the record supported the ALJ's determination that the claimant was able to perform other light work and therefore was not disabled).[3]

**AFFIRMED.**

---

[3]     We regret counsel's misimpression that "Social Security adjudications are the least liked" among the members of the Ninth Circuit.  Every case no matter what the subject matter receives the thoughtful attention of our court.