NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

DEC 17 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| DEBRA SUE WARD,<br><br>                Plaintiff - Appellant,<br><br>  v.<br><br>CAROLYN W. COLVIN<sup>*</sup>, Acting<br>Commissioner of Social Security,<br><br>                Defendant - Appellee. | No. 23-4285<br><br>D.C. No.<br>3:20-cv-01241-MO<br><br>MEMORANDUM<sup>**</sup> |

CAROLYN W. COLVIN[*], Acting Commissioner of Social Security,

MEMORANDUM[**]

Appeal from the United States District Court
for the District of Oregon
Michael W. Mosman, District Judge, Presiding

Submitted December 5, 2024[***]
Portland, Oregon

Before: CALLAHAN, NGUYEN, and SUNG, Circuit Judges.

Debra Sue Ward appeals from the district court's decision affirming an order

---

[*]     Carolyn W. Colvin is substituted for her predecessor Martin O'Malley, Commissioner of the Social Security Administration, as Acting Commissioner of the Social Security Administration, pursuant to Federal Rule of Appellate Procedure 43(c).

[**]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

by the Commissioner of Social Security denying her application for disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm the district court's order.[1]

This court reviews the district court's order affirming the administrative law judge's ("ALJ") denial of social security benefits de novo. *Kilpatrick v. Kijakazi*, 35 F.4th 1187, 1192 (9th Cir. 2022). Like the district court, this court "will disturb the denial of benefits only if the decision contains legal error or is not supported by substantial evidence." *Id.*

1.      The ALJ provided sufficient reasons, which are supported by substantial evidence, for rejecting Dr. Kauffman's opinions regarding Ward's physical limitation related to her degenerative disc disease. Dr. Kauffman examined Ward in April 2017. The ALJ found Dr. Kauffman's objective clinical observations to be "strong persuasive evidence" that Ward was not disabled but afforded "limited weight" to his opinions. Instead, the ALJ found the opinions of Drs. Berner and Davenport, other doctors who reviewed the longitudinal record, to be more persuasive. Because Dr. Kauffman was an examining physician and Drs. Berner and Davenport were non-examining physicians, the ALJ was required to provide specific and legitimate reasons that are supported by substantial evidence

---

[1]      As the parties are familiar with the facts and procedural history, we do not restate them except as necessary to explain our decision.

for discounting Dr. Kauffman's opinions. *See Ford v. Saul*, 950 F.3d 1141, 1155 (9th Cir. 2020).

The ALJ did so. First, an ALJ "may disregard [a] medical opinion" like Dr. Kauffman's "that is brief, conclusory, and inadequately supported by clinical findings." *Britton v. Colvin*, 787 F.3d 1011, 1012 (9th Cir. 2015) (per curiam). The ALJ noted that Ward's "objective presentation during the examination, other than slightly reduced range of motion in her lumbar spine, was grossly normal." Dr. Kauffman's notes indicate that Ward moved comfortably within the exam room and performed the straight leg raise test without issue. Because the ALJ reasonably found that Dr. Kauffman's notes provided an inadequate basis for his conclusions, the ALJ was justified in discounting his opinions. *See Bayliss v. Barnhart*, 427 F.3d 1211, 1216-17 (9th Cir. 2005).

Second, the ALJ found that the extent of Dr. Kauffman's opinions was not supported by the rest of Ward's medical record. The limited treatment records indicate that Ward's back pain was "well controlled" after Ward had bariatric surgery and lost 65 pounds. Further, the ALJ observed that Drs. Berner and Davenport each reviewed Ward's entire medical history and both concluded that Ward could perform full-time work activity at medium exertion.

2. Even if the ALJ erred in finding Ward's mental impairment "non-severe," that error was harmless. *See Burch v. Barnhart*, 400 F.3d 676, 679 (9th

Cir. 2005); *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 434 (9th Cir. 1988) (per curiam).  At steps four and five of the inquiry, the ALJ found that Ward could perform past relevant work, and, alternatively, that she could perform other jobs existing in significant numbers in the national economy.  Although Ward's residual functional capacity did not incorporate a cognitive limitation from a mental impairment, the ALJ noted that each of the jobs identified at step five was unskilled.  Ward does not dispute that even if the ALJ gave more weight to Drs. Gomes's and Ju's opinions that she would have difficulty with complex tasks, the outcome would not change because the jobs identified do not require the ability to perform complex tasks.

     **AFFIRMED**.